In re Susan M. KECKLER, fka Susan Bonner, Debtor.

CLEVELAND TRUST COMPANY and Jerome Holub, Standing Chapter 13 Trustee, Plaintiffs,

v.

Susan M. KECKLER, fka Susan Bonner, Defendant-Debtor.

Bankruptcy No. 579–885.

United States Bankruptcy Court, N. D. Ohio.

March 3, 1980.

---

Susan M. Keckler, pro se.

Jerome Holub, Akron, Ohio, for Standing Chapter 13 Trustee.

Douglas B. Maher, Akron, Ohio, for debtor.

Stephen B. Hobt, Cleveland, Ohio, for Cleveland Trust Co.

## FINDING AS TO OBJECTIONS TO CONFIRMATION OF PLAN

H. F. WHITE, Bankruptcy Judge.

On October 19, 1979 Susan M. Keckler, fka Susan Bonner, hereinafter referred to as the debtor, filed a Chapter 13 proceedings in which she proposed to pay her unsecured creditors five cents on the dollar indicating that she would make payments of $15.00 per month, making a total payment of $540.00 into the Plan of Arrangement.

A meeting of creditors was held as required by law and on November 15, 1979 a complaint objecting to the confirmation of the Plan of Arrangement was filed by Cleveland Trust Company, hereinafter referred to as Bank. On December 6, 1979 a complaint was filed by the Chapter 13 Trustee, Jerome Holub, objecting to the confirmation of the Plan of Arrangement.

Upon agreement of all counsel, the complaints were consolidated pursuant to the order of this Court entered on December 31, 1979. Answers to said complaints were filed by the debtor and a hearing upon the confirmation of the Plan was held at which time all parties appeared.

The Court finds from the testimony of the witnesses that Susan M. Keckler, formerly known as Susan Bonner, age 27, is a single woman who is a full-time student studying to be a stenotypist and that she has approximately 2 more years before completing a course to be a court reporter.

She is employed as an accounting clerk by her father, Frank Keckler, a CPA, and her net income is approximately $215.00 a month. She resides at home with her parents.

The assets set forth in her schedule of personal property total $925.00. Under ORC 2329.66(A)(3) to (A)(5) inclusive she is entitled to claim said property exempt and the debtor has claimed said property as exempt and there has been no objection filed by the Trustee or any other party in interest to said claim of exemptions.

The Court further finds that the attorney fees of $350.00 were paid to her attorney of

record by her father, Frank Keckler, and said funds did not come from the resources of the debtor.

The debtor has no secured creditors and her unsecured liquidated debts total less than $11,500.00.

The Court further finds that the debtor does not deny the allegations of the Cleveland Trust Company in that she did forge and utter checks which she had stolen from her employer in 1976; and because of such action, she is indebted to Cleveland Trust Company in the amount of $9,363.15.

The Court further finds that the debtor was indicted under the laws of the State of Ohio, was convicted of said offense, was incarcerated under the laws of the State of Ohio in Marysville Reformatory for Women, and was subsequently paroled from said institution.

The Court finds that because of her conviction, her ability to find employment has been limited and her total earnings in the year 1979 amounted to $1,759.48.

The Court does find that the Plan of Arrangement originally filed would not pay all creditors within the three-year period. It appears that there are total debts scheduled of $11,438.00 and 5 percent of that amount would be, if all creditors filed claims, $571.90.

However, the debtor did modify her Plan of Arrangement to provide for payment into the Plan of all income tax refunds received for the years 1979, 1980, and 1981 and she is entitled to an income tax refund from the year 1979 as set forth in Exhibits 1 and 2 in the amount of $135.40. The payment of said amounts would create a fund sufficient to pay her creditors within the three-year period.

Therefore, the Court finds from the hearing on the confirmation of the Plan of Arrangement that should liquidation be effectuated under a Chapter 7 proceedings of the Bankruptcy Code, there would be no assets available for liquidation by a Trustee that would result in any cash payments to creditors who have filed proof of claims in this proceeding.

At the present time there are only 2 claims filed in the case: one by Cleveland Trust Company in the amount of $9,363.15 and one by East Ohio Gas Company in the amount of $115.14.

The Court finds that said Plan does provide for equal treatment of the unsecured creditors. Further it was admitted by the debtor that the claim as filed by the Cleveland Trust Company under Section 523a(2) would not be dischargeable in a Chapter 7 proceeding under the Bankruptcy Code.

## ISSUE

Is the Plan filed in good faith and in the best interest of creditors?

Section 1324 of the Bankruptcy Code provides that any party in interest may object to the confirmation of the Plan. An objection to the confirmation is predicated on the failure of the Plan or the procedures employed prior to confirmation to conform with the requirements of Chapter 13. See Senate Report No. 95-989, 95th Cong. 2nd Session (1978) 142.

█ The Court is required to confirm the Plan as filed if the six requirements of Section 1325 of the Bankruptcy Code are met. Section 1325 of the Bankruptcy Code provides as follows:

(a) The court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

(b) After confirmation of a plan, the court may order any entity from whom the debtor receives income to pay all or any part of such income to the trustee.

*5 Collier on Bankruptcy, 15th Ed., Section 1325.01 (1979)* states that:

The bankruptcy court, after conducting the hearing mandated by section 1324, must confirm any chapter 13 plan meeting all of the criteria for confirmation prescribed by section 1325(a). The Code and its legislative history are emphatic that confirmation is not discretionary with the court once these criteria have been satisfied.

The bank alleges that the plan was not proposed in good faith. The third requirement of Section 1325(a)(3) is that: "the plan has been proposed in good faith and not by any means forbidden by law." This requirement must be satisfied in order to qualify for confirmation.

"Good faith" is not defined in the Code. Section 656 of the Bankruptcy Act sets out the requirements to obtain confirmation of a Chapter XIII plan. Section 656(a)(4) provides that: "The court shall confirm a plan if satisfied that—(4) the proposal and its acceptance are in good faith and have not been made or procured by any means, promises, or acts forbidden by this Act."

*10 Collier on Bankruptcy, 14th ed., Section 29.06[6] (1978)* discussing the good faith requirement of Section 656(a)(4) of the Act states that:

Fraud, improper scheduling, payment or promises to pay money to procure acceptances are instances of lack of good faith as well as acts barred by the statute. Good faith itself is not defined but generally the inquiry is directed to whether or not there has been an abuse of the provisions, purpose, or spirit of chapter XIII in the proposal or plan.

The debtor admits that the debt owed the bank would under Chapter 7, Section 523 of the Bankruptcy Code be excepted from the discharge granted under these chapters of the Code. The bank is concerned as Section 1328(a) of the Code provides that after completion of all payments under the plan, the court is to grant the debtor a discharge. The discharge is of all debts except alimony, maintenance and support, and long-term obligations specifically provided for under the plan. The discharge under Section 1328(a) of Chapter 13 is thus more comprehensive than the discharge under Section 523 of Chapter 7.

In his article on Chapter 13 under the new Code, Judge Lee states:

A third important advantage available under chapter 13 is that the debtor can obtain a release from nondischargeable, unsecured debts, other than claims entitled to priority or for alimony or child maintenance, by partial payment of claims under a composition Plan. A nondischargeable debt, such as a debt for embezzlement, for money obtained by fraud, for willful and malicious injury to the person or property of another, for a fine or for an educational loan, can be compromised in the same manner as other unsecured debts. On payment of the amount provided in a composition plan dealing with any such claim, the debtor is entitled to receive a discharge releasing him from the balance of the claim. Lee, *Chapter 13 nee Chapter XIII*, 53 Am. Bank.L.J. 303 at 307 (1979).

The discharge under Section 1328 of the Bankruptcy Code is granted when the debtor completes all payments under the Plan. The debtor has three years to complete the Plan.

Section 1328(b) does provide for the so-called "hardship" discharge if the debtor's failure to complete payment was due to circumstances for which the debtor should not be held accountable and the debtor paid at least the liquidation value as of the effective date of the Plan and modification of the Plan under Section 1330 is not practicable.

In 1970 Congress created the commission on the bankruptcy laws of the United States to study and recommend changes in bankruptcy laws. The commission spent two years on the study and filed a final report on July 1973.

Then Congress of the United States spent over five years studying and seeking other opinions from various financial, social, manufacturing, and mercantile groups, and the general public as to how the Bankruptcy laws of the United States should be re-formed.

Congress surely was aware that Chapter 13 would make certain persons eligible for discharge of certain debts that would be nondischargeable debts under Chapter 7.

The debtor herein was eligible to file a Chapter 13 Plan and did so. If the Court confirms the Plan and the debtor completes the payments under the Plan, the debtor will be entitled to be discharged from the debt due the bank.

The debtor is a student on a limited income. She has been released from prison and will be handicapped in seeking employment because of her imprisonment. From the evidence, she is making her best effort to pay the creditors within her present economic ability to do so.

The evidence is clear that the debtor herein was eligible to file a Chapter 13 Plan and did so. If the Court confirms the Plan and the debtor completes the payments under the Plan, the debtor is entitled to be discharged from the debts due creditors. The debtor must complete the Plan as confirmed by the Court to obtain a discharge under Section 1328 of the Bankruptcy Code.

To apply the best interest of creditors test, the Court must ascribe a liquidation value to all non-exempt property of the estate, as that term is defined under Section 541, at or about the time of the confirmation hearing, less all allowable Chapter 7 administrative expenses. 5 *Collier on Bankruptcy*, 15th ed. Section 1325.01[2], [D][b][iv] (1979).

Bankruptcy Rule of Procedure 403 governs exemptions. Subdivision (a) of Rule 403 provides that "A bankrupt shall claim his exemptions in the schedule of his property required to be filed by Rule 108." Subdivision (e) of Rule 403 provides: "If no objections are filed within the time provided by this rule, the report shall be deemed approved by the Court." According to the comments following the Rule, subdivision (e) has been restated under the 1978 Bankruptcy Code as follows: "Unless a party in interest objects, the property claimed as exempt on such list is exempt."

*Ohio Revised Code* Section 2329.66 governs what property a debtor may claim exempt in Ohio. Section 522(b) of the Code provides that:

> . . . an individual debtor may exempt from property of the estate either—
> (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; . . .

The Ohio legislature passed ORC Section 2329.66 to prevent the exemptions listed in Section 522(d) of the Code from becoming available to a debtor in Ohio.

The debtor herein specifically claimed her exemptions under ORC 2329.66 on a schedule which was part of her Chapter 13 statement filed with the Court on October 19, 1979. There have been no objections filed to the debtor's list of exemptions and therefore the property claimed as exempt on such list is exempt according to Bankruptcy Rule of Procedure 403(e).

The debtor claimed a bedroom set exempt under ORC 2329.66(A)(3) to the extent of $200.00; a television exempt under ORC 2329.66(A)(4)(b) to the extent of $125.00;

clothing exempt under ORC 2329.66(A)(3) to the extent of $300.00; and a steno machine exempt under ORC 2329.66(A)(5) to the extent of $300.00.

The debtor lists no real property in Part 13a of her Chapter 13 Statement and lists the following personal property in Part 13b: bedroom set with a fair market value of $200.00; television with a fair market value of $125.00; clothing with a fair market value of $300.00; and a steno machine with a fair market value of $300.00. The above listed items of personal property are exempt under ORC 2329.66 and have been claimed as exempt by the debtor. Therefore, there is no property of the estate that is non-exempt for the Court to ascribe a liquidation value to in applying the best interest of creditors test.

■ The debtor's Plan provides to pay 5 percent of each unsecured claim. If the debtor's estate were liquidated under Chapter 7, the holders of unsecured claims would receive nothing. Thus, the value of property to be distributed under the Plan on account of each unsecured claim is not less than the amount that would have been paid on that claim if the estate of the debtor were liquidated under Chapter 7.

It is the conclusion of the Court that the debtor's Plan does meet the requirements of Section 1325(a)(3) and (4).

Having met these requirements, the Court must confirm the Plan and the objections to the confirmation of the Plan should be overruled.