In re William Carl ARMSTRONG, Barbara Rose Armstrong, Debtor(s).

Bankruptcy No. 380–00382.

United States Bankruptcy Court, D. Oregon.

April 23, 1980.

Robert Ridgway, for trustee.

Wade P. Bettis, Jr., Canby, Or., for debtor.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

In this chapter 13 case the debtors' plan provided that the debtors pay to the trustee the sum of $200 per month until unsecured creditors have received 70% of their claims. At the hearing on confirmation the trustee pointed out to the court that the debtors would be able to complete the plan by making 25 payments and raised the question of whether the plan was filed in good faith in that it appeared that the debtors would be able to provide payment of 100% upon unsecured claims if the plan were extended to a total of 36 months. No objection to confirmation has been made by any creditor of the debtors.

The portions of 11 U.S.C. § 1325 which are applicable to the question raised by the trustee are subsection (a)(3) and (a)(4). Subsection (a)(3) requires a finding that the plan has been filed in good faith and not by any means forbidden by law. Subsection (a)(4) requires a finding that the property to be distributed under the plan on account of each unsecured claim is not less than the amount that would be received on such claim if the estate of the debtors were liquidated under chapter 7 of 11 U.S.C.

11 U.S.C. § 1322(c) provides that:

"The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years."

11 U.S.C. § 727(a)(9) provides that the court shall grant a discharge to a debtor in a chapter 7 case, unless—

"the debtor has been granted a discharge under § 1328 of this title, or under § 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—

(A) 100% of the allowed unsecured claims in such case; or

(B)(i) 70% of such claims; and

(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort; * * *."

There is nothing contained in Title 11 U.S.C. chapters 1, 3, 5, 7 or 13 which specifically require that a plan under chapter 13 must provide dividends to unsecured creditors of at least 70% in order for a plan to qualify for confirmation. The above mentioned § 727(a)(9) contemplates that there may be plans confirmed which will provide for dividends of less than 70%. If it had been contemplated that a plan could not be confirmed unless it provided for dividends of at least 70% then it would have been appropriate for Congress to add this requirement to either § 1322 or § 1325. Since the Code only mentions the figure of 70% in connection with a discharge in a liquidation case, it would appear that what Congress intended was to provide an additional benefit to the chapter 13 debtor who either filed a plan calling for 70% and completed payments under the plan or filed a plan calling for a larger percentage and paid at least 70%.

Good faith, as used in § 1325(a)(3), is nowhere defined in Title 11 U.S.C. Nor was it defined in Chapter XIII of the Bankruptcy Act. While best effort may be an element to consider in determining whether a plan is filed in good faith, the terms "best effort" and "good faith", are not equivalent. Section 727(a)(9)(B)(ii) is the only section of Title 11 which uses the term "best effort". This section requires a finding of both "good faith" and "best effort" in order to remove a discharge in a prior chapter 13 case as a ground for refusing a discharge in a chapter 7 case. This indicates that Congress did not intend the two terms to be synonymous.

The trustee has not contended that the unsecured creditors would receive less under the proposed plan than they would in a liquidation under chapter 7. From the statement filed by the debtors and their claims of exemption it appears that unsecured creditors would receive nothing in a liquidation.

The trustee has not contended that the debtors are capable of larger monthly payments to the trustee than provided in the plan. His sole objection is that the plan is not proposed in good faith in that, whereas the plan provides for payment to unsecured creditors of 70% over a period of 25 months, the debtors could pay 100% to the unsecured creditors if the plan were extended over a period of 36 months.

There is no indication in § 1322(c), or any other section of the Code, that congress intended that all plans which provide for less than 100% to unsecured creditors must continue for at least three years. This section fixes maximum, not minimum, periods of time.

Chapter XIII of the Bankruptcy Act did not expressly fix any maximum time for a plan. In some sections of the country practice grew to permit a debtor to include in a wage earner plan debts acquired after the filing of the case. Not necessarily as a matter of coincidence, in some such sections of the country the percentage of cases filed under Chapter XIII far exceeded the cases filed under Chapters I–VII. It was suggested by some that in those sections of the country public and economic pressures made it essential for a debtor to utilize Chapter XIII and pay his debts in full if he intended to continue to live and work in that community. This resulted, in practical effect, in a system close to involuntary servitude. This prior practice could explain why Congress felt the necessity for the limitations contained in § 1322(c).

There are many benefits to be derived by a debtor through the proper use of Chapter 13 rather than Chapter 7. Already mentioned are the provisions of § 727(a)(9) which permits a partial composition and a discharge in Chapter 13 without invoking the six year bar to a discharge in a later Chapter 7 case. Also, under § 1328(a) the debtor may be discharged from certain debts which would not be dischargeable in a Chapter 7 case. Both of these provisions represent radical departures from prior law. Such being the case does not, however, dictate that this court should ignore the express provisions of Chapter 13 and read into the Code language not contained therein or find legislative intent which is not apparent from the language used, in order to conform the code to what this court believes would be appropriate social policy.

There are also obvious benefits to be derived by creditors in the use by debtors of Chapter 13. This court, when tempted to limit the debtors' flexibility in proposing a plan which the debtor feels will fit his needs and desires, must keep in mind the possible adverse effect on creditors of refusal of confirmation.

I find that there is no requirement under Chapter 13 that the plan must provide for payment to unsecured creditors of 100% if such payment could be accomplished within a period not exceeding 36 months. In addition to the other findings required by § 1325, I find that the debtors' plan in this case has been proposed in good faith and not by any means forbidden by law and that the unsecured creditors will receive not less than they would if the estate of the debtors were liquidated under Chapter 7.

An order of confirmation should be entered herein. This memorandum opinion shall constitute findings and conclusions under Bankruptcy Rule 752.