In the Matter of Elaine
**EICHELBERGER.**

**UNITED STATES of America, Plaintiff,**

v.

**Elaine EICHELBERGER, Defendant.**

**In the Matter of Thad L. LINDSEY and Linda D. Lindsey.**

**UNITED STATES of America, Plaintiff,**

v.

**Thad L. LINDSEY, Defendant,**

**and**

**UNITED STATES of America, Plaintiff,**

v.

**Linda D. LINDSEY, Defendant.**

**Bankruptcy Nos. 8000912JC, 8001123JC.
Adv. Nos. 800133JC, 800135JC
and 800136JC.**

United States Bankruptcy Court,
S. D. Mississippi,
Jackson Division.

Oct. 29, 1980.

---

L. K. Travis, Asst. U. S. Atty., Jackson, Miss., for plaintiff in No. 800133JC.

Albert Dickens, Jr., Jackson, Miss., for defendant in No. 800133JC.

L. A. Smith, III, Asst. U. S. Atty., Jackson, Miss., for plaintiff in No. 8001123JC.

William R. Barnett, Jackson, Miss., for defendant in No. 8001123JC.

## MEMORANDUM AND ORDER

BARNEY E. EATON, III, Bankruptcy Judge.

These cases are of first impression before this Court upon the issue of the discharge-ability of educational student loans under Chapter 13 "Wage Earner" plans of the Bankruptcy Code of 1978. Specifically, the issue relates to the application of 11 U.S.C. § 523(a)(8) to petitions and plans filed pursuant to Chapter 13.

### I.

The facts are essentially the same in the three (3) above–styled and numbered cases; therefore, all were consolidated for sake of convenience and interest of parties.

Debtor/Defendant, Elaine Eichelberger, seeks to discharge an obligation to the United States, and represented as a federally insured student loan, by classifying said loan in her Chapter 13 plan along with other general unsecured indebtednesses. Debtor's plan does not provide any payments to unsecured creditors.

Debtor/Defendants, Thad L. Lindsey and wife, Linda D. Lindsey, similarly seek to discharge two separate federally insured student loans, independently obtained by each of them, by classifying the loans in their joint Chapter 13 petition and plan with all other general unsecured creditors. Likewise, the Lindseys' plan does not make provision for payment to unsecured creditors.

At the pre–trial conference, counsel for the above parties and the United States stipulated and mutually agreed to the facts, hereinbefore stated, and those facts set out in the pleadings and the exhibits attached thereto. Further, counsel consented that the obligation at issue would constitute non–dischargeable debts under the purview of Chapter 7.

Consequently, the Court, finding no material dispute as to the factual issues being presented and, with agreement of the parties, entered its ruling.

Finally, it was agreed that the Court's ruling and this Memorandum Opinion would constitute the Court's Findings of Fact and Conclusions of Law. The record should further indicate that counsel have

consented to prosecute any appeal arising hereunder directly to the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1293(b).

## II.

The general exceptions to discharge are located in Title 11 U.S.C. § 523. By Virtue of 11 U.S.C. § 103, the provisions of Chapter 5, of which § 523 is a part, are made applicable to Chapter 13 cases when not inconsistent with the letter of the Chapter 13 provisions.

The specific discharge provisions of Chapter 13 are located in Title 11 at Section 1328.

Subsection 1328(a) provides:

"As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order of relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 520 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title."

The exception to the 1328(a) discharge are found in subsection 1322(b)(5) and subsection 523(a)(5).

Subsection 1322(b)(5) is as follows:

"Subject to subsections (a) and (c) of this section, the plan may—

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;"

Subsection 523(a)(5) is as follows:

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, . . ."

■ It is clear from a reading of the statute that subsection 1328(a) requires that, as soon as practicable after completion of payments under the plan, the court grant the debtor a discharge of all debts provided for by the plan or disallowed by the court, with two exceptions: (1) long–term debts whose maturities exceed the term of the plan, and (2) debts for alimony, maintenance and child support. Thus, the statute indicates that it was the manifest intent of Congress to grant a greater scope of relief in Chapter 13 cases than that available to a Chapter 7 debtor. See, Lee, *Chapter 13 nee Chapter XIII*, 53 Am.Bank.L.J. 303 at 307 (1979); Butler and Morris, *Proceedings for the Adjustment of Debts of Individuals With Regular Income Under the Bankruptcy Reform Act of 1978*, 28 Emory L.J. 759 at 780 (1979).

The second type of discharge available under Chapter 13 is found in subsection 1328(b). This subsection provides that a hardship discharge may be granted to a debtor who fails to complete the payments under the plan due to circumstances for which the debtor should not be held accountable. It is important to note, however, that pursuant to subsection 1328(c)(2), the hardship discharge does not release the debtor from any of the nine categories of debts excepted from discharge under subsection 523(a).

■ Thus, "the provisions of subsection 523(a) of the Code, cataloging debts excepted from discharge, are made applicable only with respect to a hardship discharge granted in a Chapter 13 case pursuant to subsection 1328(b) of the Code." Lee, *supra*, at 324.

The Court is of the opinion, however, that the majority of petitioners under Chapter 13 anticipate that the plan will be completed and that a subsequent application for a hardship discharge will not be necessary.

■ Therefore, the Court is of the opinion and finds that federally insured educational loans are dischargeable and that subsection 523(a)(8) is not applicable when the

debtor makes all payments provided for by the plan pursuant to subsection 1328(a).

The argument that the plan is not filed in good faith is warrantless, for the debtors are merely taking advantage of a law which Congress enacted. The debt is admitted, and no fraud at the inception of the loan is alleged. Thus, the absence of "good faith"–a term not defined in the Code–is not in issue. Further, the Court finds that the unsecured creditors would be paid nothing on their claims if the debtors in the above–styled cases were liquidated.

Therefore, it is concluded that the plans filed, by the debtors herein, are filed in good faith, and meet all of the other requirements of sections 1322 and 1325 of the Bankruptcy Code. For the reasons hereinbefore stated, the three adversary complaints filed in the above–styled and numbered causes are hereby dismissed without prejudice.