**In re Nell CARTER, Debtor.**

**U.S. LIFE CREDIT, Plaintiff,**

v.

**Nell CARTER, Defendant.**

**Bankruptcy No. 80–00309R.**

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

Feb. 12, 1981.

William D. Covington, Covington, Kilpatrick, Storey, Covington & Durham, Rome, Ga., for U. S. Life Credit.

Gary Hamilton, Rome, Ga., for Nell Carter.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

The above matter came on before this Court on July 30, 1980 for a hearing on confirmation of the plan together with the

objection to confirmation filed by U.S. Life Credit. Having considered the arguments of the parties and the testimony and evidence adduced at trial, and having reviewed the pleadings on file, the Court makes the following decision.

## FINDINGS OF FACT

Nell Carter, (hereinafter referred to as "Debtor"), filed a petition under Chapter 13 of Title 11 of the United States Code on June 17, 1980. The petition was signed by Debtor on June 13, 1980. The Chapter 13 plan filed in this case proposes payment of 100% of the secured claims and 0% of the unsecured claims.

On June 11, 1980 Debtor obtained a loan in the amount of $365.74 from U.S. Life Credit, (hereinafter referred to as "Plaintiff"). Plaintiff is an unsecured creditor and therefore will receive nothing under the original plan filed by Debtor.

Plaintiff filed objections to the confirmation of Debtor's plan. It is Plaintiff's position that the plan filed by Debtor does not comply with 11 U.S.C. § 1325(a)(3) and (4). Plaintiff also contends that the debt is nondischargeable under 11 U.S.C. § 523(a)(2)(B). The issues presented by these objections were heard by the Court at the confirmation hearing held July 30, 1980. A verdict was directed against Plaintiff on the § 1325(a)(4) objection.

Debtor filed an amendment to her Chapter 13 plan on September 10, 1980. Although the amendment proposes the creation of a new classification of creditors which is to include Plaintiff's claim in the amount of $370.00, it is clear that the effect of the amendment will be to include Plaintiffs' claim among the secured claims that will be paid in full under the plan.

## APPLICABLE LAW

I. *Dischargeability*

Plaintiff alleges that Debtor obtained the loan from Plaintiff through a loan application containing false and misleading statements concerning Debtor's financial condition. It is contended that the loan debt is nondischargeable under 11 U.S.C. § 523(a)(2)(B) which provides:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive; . . ."

Dischargeability of debts in Chapter 13 cases is governed by 11 U.S.C. § 1328(a) which reads:

"(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title."

It is clear that upon completion of a Chapter 13 plan a debtor is granted a discharge of all debts including those that would be nondischargeable in a Chapter 7 case with the exceptions of family support obligations and long term payments which extend beyond the payment period of the plan. *In Re: Marlow*, 3 B.R. 305, 1 CBC 2d 705 (N.D.Ill.1980); *In Re: Keckler*, 3 B.R. 155, 1 CBC 2d 574 (N.D.Ohio 1980). As the debt owed by Debtor to Plaintiff does not fall within the two exceptions to dischargeability in a Chapter 13 case, it is dischargeable.

II. *Objections to Confirmation Based on 11 U.S.C. § 1325(a)(3).*

Section 1325(a)(3) provides:

"(a) The court shall confirm a plan if—
    (3) the plan has been proposed in good faith and not by any means forbidden by law; ..."

Plaintiff has asserted several grounds upon which it bases its contention that Debtor failed to fulfill the good faith requirement of § 1325(a)(3). It is contended that because the plan includes an allegedly nondischargeable debt the Court is precluded from finding that the plan was filed in good faith. Plaintiff also alleges good faith is lacking because Debtor was contemplating bankruptcy at the time the loan was made. Finally, Plaintiff argues that because the Chapter 13 plan does not provide for meaningful payments to unsecured creditors, it was not filed in good faith.

A. *Dischargeability As It Pertains to Good Faith*

The possible nondischargeability of a debt has been considered a factor in making a determination of whether a Chapter 13 plan is filed in good faith. *In Re: Marlow, supra.* In that case the Court found that a 1% plan which provided for the payment of a debt as to which there was bona fide threat of nondischargeability was not filed in good faith. Other courts have held that the inclusion of a nondischargeable debt in a Chapter 13 composition plan does not evidence a lack of good faith. *In Re: McBride,* 4 B.R. 389, 2 CBC 2d 302 (M.D. Ala.1980); *In Re: Keckler, supra.* In the *Keckler* case the court said:

"Congress surely was aware that Chapter 13 would make certain persons eligible for discharge of certain debts that would be nondischargeable debts under Chapter 7."

3 B.R. at 159, 1 CBC 2d at 579.

■ This Court is inclined to follow *McBride* and *Keckler.* Surely Congress did not intend to provide for the broad discharge in one section of Chapter 13 and then totally nullify that provision by allowing the potential nondischargeability of a

debt to be a bar to the confirmation of a plan under § 1325(a)(3). The Court concludes that a lack of good faith may not be inferred from the inclusion of a potentially nondischargeable debt in a Chapter 13 plan.

B. *Contemplation of Bankruptcy*

Plaintiff argues that at the time Debtor obtained the loan from Plaintiff, she was considering filing a bankruptcy petition. The fact that Debtor signed the bankruptcy petition two days after she obtained a loan from Plaintiff lends credence to this assertion. However, after hearing Debtor's testimony at the hearing the Court is convinced that Debtor did not scheme to obtain the loan with the purpose of seeking its discharge immediately thereafter.

■ Debtor works as a twister at Integrated Products. The nature of her employment is such that she does not always work a full week, and her income fluctuates accordingly. Debtor testified that she borrowed money from Plaintiff in order to pay debts that had accumulated during a period of time in which she and her husband were unemployed. Almost immediately after the loan was obtained, Debtor and her husband separated. According to Debtor, her dire economic situation and the loss of economic assistance from her husband necessitated the filing of the bankruptcy petition.

Mr. William W. Carter, manager of Plaintiff, testified that Debtor had been going business with Plaintiff since 1977. According to Mr. Carter, Debtor "never was a problem". After considering this testimony and the testimony of Debtor the Court concludes that Debtor filed her petition with honest intentions.

C. *Meaningful Payments*

Plaintiff contends that because the plan proposes no payments to unsecured creditors it was not filed in good faith. It is argued that § 1325(a)(3) requires a debtor to make meaningful payments to creditors.

This Court is aware of the decisions holding that the good faith requirement of

§ 1325(a)(3) imposes an obligation to make meaningful payments to creditors. *In Re: Montano*, 4 B.R. 535, 2 CBC 2d 431 (D.D.C. 1980); *In Re: Iacovoni*, 2 B.R. 256, 1 CBC 2d 331 (D.Utah 1980) and *In Re: Marlow*, *supra* are but a few examples of the cases applying the meaningful payments standard. Other courts have developed similar standards which essentially require a debtor to make payments to creditors of an amount deemed acceptable by the court. See *In Re: Schongalla*, 4 B.R. 360 (D.Md. 1980) (reasonable effort to deal fairly with creditors); *In Re: Bellgraph*, 4 B.R. 421 (W.D.N.Y.1980) (sincere, meaningful and honest effort to pay creditors); and *In Re: Beaver*, 2 B.R. 337, 1 CBC 2d 609 (S.D.Cal. 1980) (meaningful attempt to come to terms with one's creditors).

Several courts have rejected the whole concept of the embodiment of a payment requirement in the phrase "good faith" as a confirmation standard. *In Re: Terry*, 3 B.R. 63, 1 CBC 2d 525 (W.D.Ark.1980); *In Re: Cloutier*, 3 B.R. 584, 1 CBC 2d 909 (D.Colo.1980); *In Re: Harland*, 3 B.R. 597, 1 CBC 2d 973 (D.Neb.1980). These decisions stem from a reluctance to engraft additional conditions onto those already contained in § 1325(a).

■ There is only one provision in § 1325(a) that prescribes a minimum payment which must be made under a Chapter 13 plan. That provision is § 1325(a)(4) which requires that a creditor receive under a plan no less than he would have been paid in a Chapter 7 case. As were the courts in the cases of *Terry, Cloutier,* and *Harland*, this Court is disinclined to create additional conditions which must be met before a Chapter 13 plan may be confirmed. Although it is clear that the meaningful payments standard was created with the lofty purpose of ensuring that both debtors and creditors are treated equitably in a Chapter 13 case, this judicial legislation has resulted in an undesirable lack of uniformity among the various districts. It may be that certain changes need to be made in the provisions of Chapter 13. As to this matter the Court intimates no opinion one way or the other. However the task of amendment is one properly entrusted to the legislative branch. In conclusion, the Court determines that the good faith provision of § 1325(a)(3) does not require the debtor to make payments to unsecured creditors, meaningful or otherwise.

From the foregoing, the Court concludes that Debtor's Chapter 13 plan was filed in good faith as required by 11 U.S.C. § 1325(a)(3).

## AMENDMENT

■ Approximately a month after the confirmation hearing was held Debtor filed an "Amendment to Add an Additional Classification of Creditors". The amendment proposes to create a new class of creditors consisting of the claim of Plaintiff. Plaintiff's claim is to be paid in full. Clearly the purpose of this amendment is to pacify the creditor voicing objections to the original plan. Reclassification of an unsecured claim for the purpose of vitiating objections to confirmation is entirely unacceptable to this Court. Not only does this serve to unfairly discriminate against the non-objecting creditors of the same class, it opens the door to potential abuses by creditors who may use the threat of objection to obtain preferred treatment. The Court concludes that the amendment shall not be allowed.

## CONCLUSIONS OF LAW

1. Section 523(a)(2)(B) of Title 11 of the United States Code is not applicable in cases filed under Chapter 13 of Title 11.

2. Debtor's Chapter 13 plan was proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

3. The reclassification of Plaintiff will unfairly discriminate against the other unsecured creditors in violation of 11 U.S.C. § 1322(b)(1). It is therefore

ORDERED that a verdict is directed against Plaintiff on the 11 U.S.C. § 1325(a)(4) objection; and it is further

ORDERED that the Chapter 13 plan filed by Debtor shall be and same is hereby confirmed; and it is further

ORDERED that the amendment to Debtor's Chapter 13 plan filed on September 10, 1980 shall be and same is hereby disallowed.

SO ORDERED.