**In re David CRAWFORD, Debtor.**

**UNITED STATES of America, Plaintiff,**

**v.**

**David CRAWFORD, Defendant.**

**Adv. Proceeding No. 81–0019.**

United States Bankruptcy Court,
M. D. Alabama.

May 1, 1981.

Calvin C. Pryor, Asst. U. S. Atty., Montgomery, Ala., for plaintiff.

Earl Gillian, Jr., Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

On October 28, 1980, the above named debtor filed a Chapter 13 case in this court. The debtor's amended plan provided payment to unsecured creditors of 20 percent on their claims. The plan was duly confirmed without objection, after hearing, notice of which was given as provided by Section 1324 of the Bankruptcy Code.

This matter is now before the court on a complaint filed by the United States of America to determine the dischargeability of a student loan.

Should this debtor successfully complete his plan he will receive a discharge under Section 1328(a) of the Bankruptcy Code. Under this section a debtor is granted a discharge as to all debts provided for by the plan except certain long term debts that may be maintained under a plan and alimony, maintenance, or support due a former spouse or child. It may be that since this debtor has not completed his plan and thus is not yet eligible for a discharge this complaint is premature but the issue may be as easily settled now as later.

■ The government contends this debt would be held nondischargeable in a Chapter 7 case and therefore should be held to be nondischargeable in this Chapter 13 case. This contention is not supportable by the Bankruptcy Code. Section 523 of the Bankruptcy Code, which lists exceptions to discharge, does not apply to a Section 1328(a) discharge. It does apply to a Section 727, 1141, or 1328(b) discharge. See *In re McBride*, 4 B.R. 389, 2 C.B.C.2d 302 (Bkrtcy. M.D.Al.1980); *In re Keckler*, 3 B.R. 155 (Bkrtcy.N.D.Ohio 1980); *In re Thorson*, 6 B.R. 678 (Bkrtcy.D.S.D.1980); *In re Seely*, 6 B.R. 309 (Bkrtcy.E.D.Va.1980); *Matter of Koerperich*, 5 B.R. 752 (Bkrtcy.D.Neb.1980); and Lee, *Chapter 13 nee Chapter XIII*, 53 Am.Bankr.L.J. 303, 307 (Fall 1979).

■ Although in view of the above it is not relevant to a decision in this matter, it would appear in this particular case that this debt would be dischargeable in a Chapter 7 case under the provisions of Section 523(a)(8) of the Bankruptcy Code. Section 523(a)(8) provides for the discharge of debts to governmental units for educational loans that first became due more than five years prior to the date of the filing of the petition. The loan first became due on or about May of 1974 which is more than five years before the date of the filing of the debtor's Chapter 13 case in October, 1980. The government's argument that the five year period should be calculated from the date the claim was reduced to judgment is without merit. *In re Mahler*, 6 B.R. 142, 4 B.C.D. 905 (Bkrtcy.W.D.Pa.1978).

■ The government further contends that the plan does not meet the best interest of creditors test as set out in Section 1325(a)(4). This section requires that unsecured creditors receive as much in a Chapter 13 case as they would receive under a Chapter 7 liquidation. The government's contention is invalid as the government will receive 20 percent of its claim under this Chapter 13 plan while it would receive nothing in a Chapter 7 case since this debtor has no property over and above the exemptions allowed to him by law.

■ The issue of dischargeability should not be confused with the best interest test. The best interest test refers to the amount of the payment that would be received as a disbursement on a claim in a liquidation case and not to any amount which might be received incidentally by reason of the debt being nondischargeable in the Chapter 7 case. See *In re Walsey*, 7 B.R. 779 (Bkrtcy. N.D.Va.1980); *In re Hurd*, 4 B.R. 551, 2 C.B.C.2d 190 (Bkrtcy.W.D.Mich.1980); *Matter of Eichelberger*, 6 B.R. 705 (Bkrtcy.S.D. Miss.1980); and *In re McBride, supra.*

A hearing was held in this case at which the court determined the plan as amended was submitted in good faith and complies with the requirements of the Bankruptcy Code. The United States had notice of this hearing and did not attend nor file any objection. The court issued an order confirming the plan. The allegation of the government that this order was inadvertently entered is frivolous and deserves no further comment.

The relief sought by the complaint is due to be denied. An appropriate order will be entered.