**In re Veronica SCALES, Debtor.**

**Bankruptcy No. 81–00036R.**

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

May 12, 1981.

J. Scott Callan, Rome, Ga., for Veronica Scales.

Clinton J. Morgan, Rome, Ga., for Peoples Financial Corp.

## ORDER

HUGH ROBINSON, Jr., Bankruptcy Judge.

The objections of Peoples Financial Corporation of Rome to the confirmation of the debtor's Chapter 13 plan brought the matters involved herein before the Court. These objections were heard by the Court at the duly scheduled confirmation hearing held March 11, 1981 in Rome, Georgia. Having considered the objections, the arguments of the parties and the pleadings on file, the Court makes the following decision.

## FINDINGS OF FACT

Veronica Renee Scales filed a petition under Chapter 13 of Title 11 of the United States Code on January 28, 1981. Under the proposed plan the debtor is to make weekly payments of $47.50 to the trustee from which will be paid 100% of all secured claims and 100% of all unsecured claims over a period of three years.

On March 2, 1981 Peoples Financial Corporation, ("Peoples"), a secured creditor, filed an "Objection to Confirmation". Several objections to confirmation have been asserted by Peoples each of which will be addressed separately below.

## APPLICABLE LAW

In determining whether to confirm a Chapter 13 plan the Court is governed by 11 U.S.C. § 1325(a) which provides:

(a) The court shall confirm a plan if—

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation; has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan.

It is alleged by Peoples that the plan filed by the debtor is so deficient as to constitute no plan at all. Peoples argues that because of the alleged deficiency of the plan the debtor has not complied with 11 U.S.C. § 1321 and Rule 13–201 of the Rules of Bankruptcy Procedure. Section 1321 and Rule 13–201 both require a Chapter 13 debtor to file a plan.

A plan was filed by the Debtor with her Chapter 13 petition on January 28, 1981.

To determine whether this plan is sufficient the Court must look to subsection (a) of 11 U.S.C. § 1322 which sets forth the provisions a Chapter 13 plan must include. This statutory provision reads:

"(a) The plan shall—

(1) provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan;

(2) provide for the full payment, in deferred cash payments of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; and

(3) if the plan classifies claims, provide the same treatment for each claim within a particular class."

The debtor submitted a plan on a printed form entitled "Chapter 13 Plan". This plan provides for the submission of a portion of the debtor's income to the supervision and control of the trustee and for the payment of claims entitled to priority under Section 507 as required by Section 1322(a)(1) and (2). There are blank spaces on the form in which the debtor is to fill in the amount of dividends to be paid to secured and unsecured creditors. These spaces were not filled in by the debtor. However, at the confirmation hearing the debtor's counsel informed the Court that all secured and unsecured claims will be paid in full. As the plan provides for the same treatment of each claim within each of the two classes of creditors Section 1322(a)(3) has been complied with.

■ The Court finds that the plan proposed by the debtor contains all of the mandatory provisions prescribed by Section 1322(a). It would have been better if the debtor had listed the secured and unsecured creditors to be paid under the plan, stated whether the creditors were to receive full payment of their claims or only a portion thereof, and specified the length of the plan. However these are amendable defects which were cured when these specifics were disclosed at the first meeting of creditors.

The Court concludes that the plan proposed by the debtor is sufficient to qualify as a Chapter 13 plan. It is further determined by this Court that Peoples' contention that the debtor has not complied with Section 1321 and Rule 13–201 is without merit.

Peoples asserts that the debtor's plan cannot be confirmed for the reason that the creditors were required to accept or reject the plan when, in fact, no plan had been filed. As this Court finds that a plan was filed by the debtor, Peoples' objection must fall.

■ It is contended by Peoples that the debtor's plan cannot be confirmed because the creditors were given a notice requiring them to accept or reject a plan without ever being advised as to the nature of the plan. The creditors in this case were sent the form notice entitled "Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stays". In the notice there is a statement to the effect that the plan proposes weekly payments to the trustee of $47.50. The notice also reveals the total amount of secured indebtedness, the total amount of unsecured indebtedness and the total overall indebtedness of the debtor. Although it might have been more helpful to the creditors if the order and notice had informed them of the duration of the plan and of the debtor's proposal to pay their claims in full, the failure to disseminate such information was not prejudicial. The order and notice for the first meeting of creditors advised the creditors that their claims were being dealt with in a Chapter 13 plan. Being so advised, the creditors were put on notice to come into court to protect their interests. As the rights of the creditors were not prejudiced by the failure of the summary to describe every major provision in the plan the Court concludes that Peoples' argument is without merit.

Peoples maintains that the plan should not be confirmed because no copy or summary of the plan accompanied notices to creditors of the first meeting as required by Rule 13–204(a)(1) of the Rules of Bankruptcy Procedure. This rule provides:

"(a) First meeting.

"(1) Date and Place. Promptly after the filing of a plan the court shall call a first meeting of creditors but if there is an application or motion to dismiss or to convert to bankruptcy under Rule 13–112, or an appeal from or a motion to vacate an order entered under that rule, the court may delay fixing a date for such meeting. A copy or a summary of the last filed plan and a form of proof of claim containing provision for acceptance or rejection of the plan shall accompany the notice of the meeting. The notice shall state that any secured claim not filed before the conclusion of the first meeting of creditors or within such extended time as the court may fix will not be treated as a secured claim for purposes of voting and distribution and that any creditor filing a claim who has not filed a written acceptance or rejection of the plan pursuant to Rule 13–202 prior to the conclusion of the first meeting of creditors shall be deemed to have accepted the plan. The meeting may be held at a regular place for holding court or at any other place within the district more convenient for the parties in interest."

The notice of the first meeting sent to creditors did contain a summary of the plan albeit an extremely brief one. Although the Court agrees that the summary could have been more informative, the failure to summarize all of the provisions of the plan was not prejudicial to the creditors.

■ It is argued by Peoples that the plan presented in this case is actually the trustee's plan and not the debtor's. For this reason Peoples contends that the plan may not be confirmed. This assertion is not a basis for objection to confirmation under 11 U.S.C. § 1325(a). Furthermore there is nothing in the record to indicate that the plan filed in this case was prepared by any party other than debtor with the assistance of her counsel. Therefore the Court rejects the objection of Peoples.

Peoples contends that the debtor's plan is not in compliance with 11 U.S.C. § 1325(a)(5)(B). This section provides

"(a) The court shall confirm a plan if—

. . .

(5) with respect to each allowed secured claim provided for by the plan—. . .

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; . . .

It is alleged that the debtor's plan fails to provide that Peoples shall retain the lien securing its claim and that the value of the property to be distributed to Peoples under the plan is less than the allowed amount of its secured claim.

■ The Court finds that Section 1325(a)(5)(B) has been complied with. At the confirmation hearing it was disclosed by counsel for the debtor that Peoples will retain its lien under the plan as required by Section 1325(a)(5)(B)(i), and the Court issued a ruling to that effect. As the plan provides for payment in full of Peoples' claim it cannot be said that Section 1325(a)(5)(B)(ii) has been violated. No other conclusion can be reached but that this objection is without merit.

■ Peoples next argues that the Bankruptcy Code is violative of due process of law for the reason that there is no provision for the payment of interest on secured claims. It has been held that the compensation to which a secured creditor is entitled consists of the present value of the property to be distributed that takes into account the discount of money to be received in the future. *In Re: Ziegler*, 6 B.R. 3, 1 CBC 2d 874 (1980, B.C.S.D.Ohio); *In Re: Crockett*, 3 B.R. 365, 1 CBC 2d 926 (1980, B.C.N.D. Ill.); *In Re: Lum*, 1 B.R. 186, 1 CBC 2d 95 (1979, B.C.E.D.Tenn.). In each of these cases it was held that interest payments must be made to secured creditors when secured claims are provided for under a Chapter 13 plan pursuant to 11 U.S.C. § 1325(a)(5)(B). This Court has followed the holding f those cases. *In Re: McLeod*, 5 B.R. 520, 2 CBC 2d 319 (1980, B.C.N.D. Ga.); *In Re: Weaver*, 5 B.R. 522, 2 CBC 2d

315 (1980, B.C.N.D.Ga.). Because this Court interprets 11 U.S.C. § 1325(a)(5)(B) to require interest payments to a secured creditor, it must be concluded that this objection is without merit.

■ Peoples next argues that it is entitled to receive the full monthly payments called for by its contract with the debtor, to retain its security interest, and to be fully protected by insurance if it is to be forced into the proposed plan. To determine the merits of this argument the Court must again look to the provisions of 11 U.S.C. § 1325(a)(5)(B). The Court cannot dispute the assertion that Peoples is entitled to retain its security interest. That is clearly provided for in Section 1325(a)(5)(B)(i). However, Peoples is not entitled to receive the monthly payments called for by its contract with the debtor unless the plan so provides. Under Section 1325(a)(5)(B)(ii) Peoples is entitled to receive property having a value as of the effective date of the plan that is not less than the allowed amount of its secured claim. This requirement has been fulfilled as the plan proposes to pay Peoples' claim in full. At the confirmation hearing the Court ordered the debtor to provide insurance coverage in the form of comprehensive and collision coverage on the vehicle which secures Peoples' debt. Therefore Peoples' insurance argument is moot. From the foregoing the Court concludes that these objections asserted by Peoples cannot be sustained.

■ Peoples argues that its inclusion in the proposed plan of the debtor's is a denial of due process of law in violation of the Fifth Amendment to the United States Constitution. It is undisputed that the provisions of the Bankruptcy Code enacted by Congress ultimately impair the obligation of contracts, but this impairment alone does not constitute a denial of due process. The test of constitutionality in this instance is whether the provisions of the Bankruptcy Code are so grossly arbitrary and unreasonable as to be incompatible with fundamental law. *Campbell v. Alleghany Corporation*, 75 F.2d 947 (4th Cir. 1935), cert. denied 296 U.S. 581, 56 S.Ct. 92, 80 L.Ed. 411 (1935); *Securities and Exchange Commission v. Albert & Maguire Securities Co., Inc.*, 378 F.Supp. 906 (E.D.Pa.1974). No attempt has been made by Peoples to prove that any provision of Chapter 13 is so grossly arbitrary and unreasonable as to be incompatible with fundamental law. In this situation the Court must reject the constitutional objection of Peoples.

Peoples next contends that if the plan is to be in effect for more than three years it is invalid because no cause has been shown therefor as required by 11 U.S.C. § 1322(c). As the duration of the debtor's plan is three years, this argument is moot.

Peoples final contention is that the debtor's plan has not been proposed in good faith for the reason that the income of the debtor warrants payments into the plan greater than the amount proposed.

■ Section 1325(a)(3) of the Bankruptcy Code requires a Chapter 13 plan to be proposed in good faith and not by any means forbidden by law. The Court is aware of the many cases which interpret good faith as requiring meaningful payments to creditors. However, this Court has rejected the notion that there is any payment requirement embodied in the term "good faith". See *In Re: Walsey*, 7 B.R. 779, (1980, B.C. N.D.Ga.) and *In Re: Carter*, 9 B.R. 140, (1981, B.C.N.D.Ga.). The only sections of Chapter 13 which quantify the payments to be made to creditors are 11 U.S.C. §§ 1325(a)(4) and (a)(5)(B)(ii). Section 1325(a)(4) provides that property distributed to unsecured creditors under the plan must have a value as of the effective date of the plan that is not less than the amount that would be paid to those creditors in a Chapter 7 liquidation. Section 1325(a)(5)(B)(ii) becomes applicable when a secured claim is provided for in the plan, and the plan has not been accepted by the secured creditor. In this situation Section 1325(a)(5)(B)(ii) requires that the property distributed to the secured creditor must have a value as of the effective date of the plan that is not less than the allowed amount of the secured claim. The debtor's plan meets the standards of these two stat-

utory provisions. As there are no other payment standards under Chapter 13 which the debtor is required to meet the Court concludes that Peoples' objection is without merit.

Having carefully considered the plan proposed by the debtor, the Court finds that the provisions of 11 U.S.C. § 1325(a) have been complied with. Accordingly, the Court concludes that the debtor's plan shall be confirmed.

## CONCLUSIONS OF LAW

1. The plan proposed by the debtor in the instant case is sufficient to qualify as a Chapter 13 plan.

2. The debtor complied with the provisions of 11 U.S.C. § 1321 and Rule 13–201 of the Rules of Bankruptcy Procedure.

3. The order and notice for the first meeting sent to the creditors in this case sufficiently advised the creditors that their claims were being dealt with in a Chapter 13 plan.

4. Although the summary of the debtor's plan contained in the order and notice for the first meeting of creditors could have been more informative, the failure to summarize all of the provisions of the plan was not prejudicial to the creditors.

5. An assertion that the proposed plan was formulated by the trustee and not the debtor is not a ground for objection to confirmation under 11 U.S.C. § 1325(a).

6. The debtor's plan complies with the provisions of 11 U.S.C. § 1325(a)(5)(B)(i) and (ii).

7. In order to comply with the requirements of 11 U.S.C. § 1325(a)(5)(B)(ii) a debtor must pay interest on allowed secured claims.

8. Although Peoples is entitled to retain its security interest, it is not entitled to receive the monthly payments called for by its contract with the debtor.

9. Peoples failed to prove that any provision of Chapter 13 of Title 11 of the United States Code is so grossly arbitrary and unreasonable as to be incompatible with fundamental law.

10. The good faith standard of 11 U.S.C. § 1325(a)(3) does not set a standard for any minimum dollar amount which must be made to creditors under a Chapter 13 plan.

11. The debtor's plan complies with the provisions of 11 U.S.C. § 1325(a). It is therefore

ORDERED that the debtor's plan shall be and same is hereby confirmed; and it is further

ORDERED that the plan shall be administered in the following manner: The debtors shall make weekly payments to the trustee. From these payments the trustee shall first pay any unpaid claim of the kind specified in 11 U.S.C. § 507(a)(1) and the percentage fee for the standing trustee as required by 11 U.S.C. § 1326(a)(1) and (2). When these claims have been paid in full the trustee shall pay any other claims having priority under 11 U.S.C. § 507. After these priority claims have been paid in full the secured creditors shall be paid pro rata and shall receive interest on their claims at a rate of 10½% per annum. All of the aforementioned payments shall be made in accordance with the "Amortization Schedule" attached hereto as an appendix. When full payment of these claims has been made unsecured claims shall be paid pro rata.