**In re Leon BONDER, Debtor.**

**Bankruptcy No. 879–03578.**

United States Bankruptcy Court,
E. D. New York,
at Westbury.

April 25, 1980.

Michael B. Nitsberg, Jericho, N. Y., for debtor.

Marchi, Jaffe, Cohen, Crystal & Katz, New York City, for Federal Deposit Ins. Corp.; David R. Taxin, New York City, of counsel.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

### I

The Federal Deposit Insurance Corporation ("FDIC"), the sole creditor of the debtor Leon Bonder ("debtor") has moved this court for an order dismissing the debtor's chapter 13 case ("motion to dismiss"). For the reasons set forth below, the FDIC's motion to dismiss is denied.

### II

On November 21, 1979, the debtor filed his chapter 13 petition. The only indebtedness listed in the debtor's schedules is a $41,000 debt owed to the FDIC. On December 13, 1979, the debtor proposed a plan under which he would pay the FDIC $34.50 a month. The debtor has recently modified his plan by increasing to $100.00 his monthly payments to the FDIC.[1] Shortly after the debtor filed his plan, the FDIC moved

---

1. Bankruptcy Code section 1323(a) permits the debtor to modify his plan at any time before confirmation.

this court for an order dismissing debtor's chapter 13 case.[2]

The FDIC sets forth three grounds for the dismissal of the debtor's chapter 13 case. First, the FDIC argues that section 727(a)(8) bars a debtor from filing a chapter 13 petition when the debtor has been granted a discharge under section 14 of the Bankruptcy Act, in a case commenced within 6 years of the date of the filing of the chapter 13 petition. Second, the FDIC argues that a chapter 13 petition that is filed for the sole purpose of discharging, in whole or in part, an indebtedness excepted from discharge pursuant to Bankruptcy Act section 17a(3) in a prior bankruptcy proceeding, is not filed in good faith, and therefore must be dismissed. Third, the FDIC argues that when dismissal of a chapter 13 case results in the creditors recovering a greater amount of their debt than they would receive under a chapter 13 plan, the bankruptcy court should dismiss the chapter 13 case.

### III

The FDIC's motion to dismiss arises from a prior bankruptcy petition filed by the debtor. On February 7, 1975, the debtor filed a petition in bankruptcy under the Bankruptcy Act[3] ("bankruptcy petition"). At the time that the debtor filed his bankruptcy petition, he owed Franklin National Bank ("bank") the sum of $25,500 on a promissory note. However, the debtor failed to list either the bank or the FDIC, liquidator of the bank, as creditors with regard to the aforementioned indebtedness. On June 2, 1975, the debtor received a discharge from all of his dischargeable debts, and the case was closed.

Unfortunately for the debtor, debts which are not listed in the Bankruptcy petition are excepted from discharge under Bankruptcy Act section 17a(3). Section 17a(3) provides that:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . 27 (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.

On or about September 2, 1975, the FDIC commenced an action in state court against the debtor to recover the aforementioned indebtedness. Thereafter, the debtor moved the bankruptcy court for an order reopening his bankruptcy case and permitting him to amend schedule A of his voluntary petition to include the FDIC as a creditor.

The bankruptcy court found that neither the FDIC, nor the bank had actual or constructive knowledge of the bankruptcy proceedings. Thus, the debt owed to the FDIC was excepted from discharge under section 17a(3) of the Bankruptcy Act. Accordingly, the Bankruptcy Court denied the debtor's motion to reopen the case and amend schedule A. *In re Bonder,* 2 BCD 353 (E.D.N.Y. 1976) (Parente, B. J.).

### IV

The FDIC argues that since the debtor's sole purpose in filing the petition was to substantially modify a debt that was excepted from discharge under section 17a(3) of the Bankruptcy Act, the petition, as a matter of law, was not filed in good faith. While there is no express requirement that a chapter 13 petition be filed in good faith, even assuming that such a requirement exists the FDIC cannot prevail. The FDIC's position is rebutted by the Bankruptcy Code.

Bankruptcy Code section 523(b) provides, in pertinent part, that:

2. The FDIC has filed objections to the confirmation of the debtor's plan. The court will determine the validity of the FDIC's objections after the hearing on the confirmation of the debtor's plan has been held.

3. The Bankruptcy Act is the official title of the "act to establish a uniform system of bankruptcy throughout the United States approved July 1, 1898." 64 Stat. 1113 (1950).

Notwithstanding subsection (a) of this section, a debt that was excepted from discharge . . . under section . . 17a(3) . . . of the Bankruptcy Act, . . . is dischargeable in a case under this title unless, by the terms of subsection (a) of this section, such debt is not dischargeable in the case under this title.[4]

An indebtedness that was excepted from discharge in a prior bankruptcy case pursuant to Bankruptcy Act section 17a(3) is expressly made dischargeable in a subsequent bankruptcy case. Accordingly, the chapter 13 petition filed to extinguish a substantial portion of the aforementioned indebtedness was not filed in bad faith.

## V

▇ The FDIC also argues that Bankruptcy Code section 727(a)(8) mandates the dismissal of the debtor's chapter 13 case. Section 727(a)(8) provides that:

The court shall grant the debtor a discharge, unless—

\* \* \* \* \* \*

(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371 or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition.

It is undisputed that the debtor received a discharge under Bankruptcy Act section 14 in a case commenced within 6 years before he filed his chapter 13 petition. However, the provisions of chapter 7 of the Bankruptcy Code do not apply in cases under chapter 13. Bankruptcy Code section 103(b) provides that:

Subchapters I and II of chapter 7 of this title apply *only* in a case under such chapter. (emphasis supplied)

Since section 727(a)(8) does not apply in chapter 13 cases, the debtor's receipt of a

discharge in a bankruptcy proceeding commenced within six years of the filing of his chapter 13 case is not grounds for dismissal of the case.[5]

## VI

▇ The FDIC's final argument is that since dismissal of the chapter 13 case would result in the FDIC receiving a greater portion of the indebtedness owed to it than it will receive under the debtor's plan, dismissal of the chapter 13 case is "in the best interest of creditors".

Under his plan, the debtor's proposes to pay the FDIC $100.00 per month. The FDIC contends that since the debtor earns $700 per week, had the debtor not filed his chapter 13 petition, the FDIC could garnish, pursuant to N.Y.C.P.L.R. 5231 (McKinney 1978), 10% of the debtor's salary per week. Accordingly, the FDIC would have been entitled to garnish approximately $300 per month from the debtor's employer: three times as much as it would receive under the plan.

The FDIC's contention that the court must dismiss the chapter 13 case, under the circumstances extant, is incorrect. It is true that under Bankruptcy Code section 1307(c) a court may dismiss a chapter 13 case when such dismissal is in the best interest of creditors and the estate. However, section 1307(c) also requires that the dismissal be "for cause". Section 1307(c) lists seven specific occurrences which constitute "cause". The FDIC's contention that but for the filing of the chapter 13 petition it might be able to realize a greater amount on its indebtedness, is not listed as an example of "cause". However, the seven occurrences listed in section 1307(c) are merely illustrative and are not the exclusive grounds under which the court may dismiss

---

**4.** The Bankruptcy Code section 523(b) follows Bankruptcy Act section 17(b). The latter section provides, in pertinent part, that:

. . . A debt not released by a discharge in a proceeding under this title by reason of clause (3) of subdivision (a) of this

section [17] may nevertheless be dischargeable in a subsequent bankruptcy proceeding.

**5.** Even if the debtor had filed a chapter 7 petition, section 727(a)(8) does not mandate dismissal of a chapter 7 petition; it merely bars the debtor from receiving a discharge.

a chapter 13 case.[6] Thus, it is unclear whether Bankruptcy Code section 1307(c) permits dismissal of a chapter 13 case on the grounds urged by the FDIC.

To determine whether there is "cause" for dismissing the chapter 13 case, the court must look to Bankruptcy Code section 1325(a) and determine whether the court must confirm the debtor's chapter 13 plan. For if the debtor's plan meets the confirmation standards set forth in Bankruptcy Code section 1325(a), the Court must confirm the plan; the court has no discretion. *Collier on Bankruptcy* has stated that:

> The bankruptcy court, after conducting the hearing mandated by section 1324, *must confirm any chapter 13 plan meeting all of the criteria for confirmation proscribed by section 1325(a).* The Code and its legislative history are emphatic that *confirmation is not discretionary with the court once these criteria have been satisfied.*

5 *Collier on Bankruptcy,* ¶ 1325.01 (15 ed. 1979) (emphasis supplied). See also, *In re Keckler,* 3 B.R. 155, 6 B.C.D. 14 (M.D.Ohio 1980) (White, B. J.).

It is inconceivable that in a situation where the court must confirm the debtor's plan, the court has the power to dismiss the chapter 13 case.

### Conclusion

In view of the foregoing, the FDIC's motion to dismiss the chapter 13 petition is denied in all respects. The hearing on the confirmation of the debtor's plan will be held as scheduled.

So ordered.

---

**6.** Bankruptcy Code section 1307(c) provides that:

> Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, *including*— (emphasis supplied)

Bankruptcy Code section 102(3) provides that "includes" and "including" are not limiting. See 5 *Collier on Bankruptcy,* ¶ 1307.01[4] (15 ed. 1979).