In re Barney M. McBRIDE and Rebecca McBride, Debtors.

BENEFICIAL FINANCE COMPANY OF ALABAMA, Plaintiff,

v.

Barney M. McBRIDE and Rebecca McBride, Defendants.

Civ. A. No. 80–0094.

United States Bankruptcy Court, M. D. Alabama.

June 5, 1980.

---

**390**

C. Winston Sheehan, Jr. of Ball, Ball, Duke & Matthews, P.A., Montgomery, Ala., for plaintiff.

Woodley C. Campbell of Azar, Campbell & Azar, Montgomery, Ala., for the defendants.

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

The debtors Barney M. McBride and Rebecca McBride, who are husband and wife, filed a joint Chapter 13[1] case in this court whereby they proposed a Chapter 13 composition plan that schedules a debt to plaintiff, Beneficial Finance Company of Alabama, which had been adjudged to be a nondischargeable debt in a prior Chapter 7 case. The plaintiff filed its objection to confirmation of the plan on the ground that the inclusion of this debt rendered the plan not to be proposed in good faith. The facts are stipulated by the parties.

One of the requirements for the confirmation of a plan under Section 1325 of the Bankruptcy Code is that the court must find, as provided by Subsection (a)(3), that the plan has been proposed in good faith. The sole question presented to the court by

this relatively narrow stipulation of facts is whether the inclusion of this debt in the Chapter 13 plan constitutes bad faith which would require the court to deny confirmation of the plan.

It seems appropriate at this point to briefly eliminate questions which are not presented to the court by this objection and the stipulated facts. This court is aware of those cases where the debtor's best effort,[2] meaningful payments,[3] and 70 per cent minimum payments to unsecured creditors[4] have been applied as tests of good faith. It is not necessary for this court in rendering this decision to reject these tests or make any determination as to them for the reason that they are not presented by the objection here nor are there sufficient facts stipulated from which the court could make such determination were it to consider such tests valid.

Neither is the court making a determination as to the ultimate dischargeability of this debt under Section 1328(a) of the Code for the reason that this section is not applicable until the debtor completes all the payments under the plan. Thus, any decision in this regard would be premature. However, it should be pointed out that the determination of nondischargeability in the prior Chapter 7 case was based upon Section 523(a)(2) of the Code. It seems clear from the language of Sections 1328(a) and 523(a) that the exceptions to discharge under Section 523(a) (other than 523(a)(5) which subsection is not involved here) apply only to discharges granted under Sections 727, 1141 and 1328(b) of the Code.

It could be concluded that should this plan be confirmed and successfully consummated then this debt would ultimately be discharged under Section 1328(a) with no payment having been made to the plaintiff

---

1. 11 U.S.C. §§ 1301–1330. All chapters and sections cited are to Title 11, United States Code, the Bankruptcy Code.

2. *In re Curtis*, 2 B.R. 43, CCH Bankruptcy Law Reporter, ¶ 67,319 (Bkrtcy.W.D.Mo.1979).

3. *In re Iacovoni*, 2 B.R. 256, 5 Bankruptcy Court Decisions 1270 (Bkrtcy.D.Utah 1980).

4. *In re Burrell*, 2 B.R. 650, CCH Bankruptcy Law Reporter, ¶ 67,382 (Bkrtcy.N.D.Cal.1980).

as an unsecured creditor[5] under the provisions of the plan.

There are two reported cases with similar facts and issues as are here presented. In *In re Keckler*, 3 B.R. 155, CCH Bankruptcy Reporter ¶ 67,367 (Bkrtcy.N.D.Ohio 1980), the court was asked to decide whether a particular debt would be held nondischargeable were it in a Chapter 7 case and whether its inclusion in a Chapter 13 composition plan constituted bad faith in the filing of the plan. The court found that the debt incurred by forgery was dischargeable through a Chapter 13 plan although it clearly would not be dischargeable in a Chapter 7 case. In its opinion the court stated, "Congress surely was aware that Chapter 13 would make certain persons eligible for discharge of certain debts that would be nondischargeable debts under Chapter 7." The court concluded that the inclusion of such a debt in the plan would not constitute bad faith under Section 1325 and confirmed the plan as proposed.

Contra, in *Matter of Marlow*, 3 B.R. 305, 1 CBC2d 705 (Bkrtcy.N.D.Ill.1980), the court held that the inclusion in a Chapter 13 plan of a potentially dischargeable debt which might be a nondischargeable debt in a Chapter 7 case would not constitute good faith and confirmation was denied. The court's theory appears to be that, in the absence of any specific prohibition to confirmation in Section 1325, it is the duty of the bankruptcy court to erect a "barrier" through the application of the good faith requirement.

This court rejects the reasoning in *Marlow* and embraces that of *In re Keckler*. It is not believed that Congress was unaware that debts not dischargeable in a Chapter 7 case could be and would be included in Chapter 13 cases and ultimately discharged

therein after the requirements of Section 1328(a) were met. A reading of the legislative history indicates that it was the manifest intent of the Congress to grant a greater scope of relief in Chapter 13 cases than that available to a Chapter 7 debtor.[6] The requirements for confirmation under Section 1325 are definitively set out as to secured and unsecured creditors and it would appear that, had Congress intended to bar those debts which would be nondischargeable in Chapter 7 from Chapter 13 plans, such could have been easily accomplished by an additional subsection in Section 1325. Further, the dischargeability of such debts must have been considered when Section 1328(a) was written inasmuch as Section 523(a) is made applicable in so-called hardship discharge cases provided for by Section 1328(b) and (c), but is conspicuously omitted from Section 1328(a) except for the Section 523(a)(5) provision on alimony and child support.

It could be argued that under the Bankruptcy Code, except where specifically made applicable, Chapter 7 has no more relation to Chapter 13 than have the criminal and civil laws. Section 103 of the Code provides that the provisions of Chapters 1, 3 and 5 shall apply in Chapter 13 cases. Why should the bankruptcy courts now attempt to rewrite the Code to establish a relationship between Chapters 7 and 13 which, in this court's view, was not contemplated by the Congress. The Bankruptcy Reform Act of 1978 may very well be flawed in some respects. A Technical Amendments Bill, which would make substantive changes as well as correcting technical errors, has passed the Senate (S. 658) and is presently being considered by the House of Representatives. Certain portions of this Bill are directed to some of the matters considered in this opinion. Perhaps the courts should

---

**5.** Although listed in the debtors' schedules in the prior Chapter 7 case as a secured debt, it is apparent from the date of the judgment, the debtors' Chapter 13 Statement, and the provisions of the Code (particularly Section 522(f)) that the debt owed to Beneficial is in fact an unsecured debt.

**6.** See the Report of the *Commission on the Bankruptcy Laws,* particularly Chapter 6. Also see H.R. 95–595 at pp. 117 and 118 for a discussion of the purposes of Chapter 13 and at pp. 126 and 125 commenting upon the exemptions and redemption aspects of the Code, U.S.Code Cong. & Admin.News 1978, p. 5787. See also Lee, *Chapter 13 nee Chapter XIII,* 53 Am.Bank. L.J. 303 at 307 (1979).

act with reserve pending the action of Congress in these areas.

This court concludes that where the specific requirements of Section 1325 are met it is not the prerogative of the bankruptcy court to apply additional tests under the guise of interpreting and defining the good faith requirement. "Good faith" is not defined in the Code and this court does not attempt to define it here, but rather decides that the debtors' act here, which is nothing more than the filing of a Chapter 13 plan including a debt which would be nondischargeable in a Chapter 7 case, does not constitute bad faith.

An order in conformance with this opinion will be entered this date.