**In re George L. SCOTT, Alexis J. Scott, Debtors**

**G. F. C. CONSUMER DISCOUNT COMPANY, Plaintiff**

v.

**George L. SCOTT, Alexis J. Scott, Defendants.**

**Bankruptcy No. 79–01925K.**

**Adv. No. 80–0188K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 12, 1980.

Jack K. Miller, Philadelphia, Pa., for debtors.

Roy W. Feinstein, Cornwells Heights, Pa., for plaintiff.

### OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The issue presently before this Court is whether a determination of the non–dischargeability of a debt in a prior bankruptcy proceeding under the Bankruptcy Act will, of itself, preclude the confirmation of a subsequent chapter 13 proceeding under the new Bankruptcy Code which lists that same debt in the schedules. In the absence of a showing of bad faith and because we believe that the confirmation provisions of Section 1325, 11 U.S.C. § 1325 govern the instant proceeding, we find that the chapter 13 plan may be confirmed. However, we

will allow the creditor the opportunity for further hearing on the issue of good faith.[1]

Plaintiff, G. F. C. Consumer Discount Company, (GFC) is a creditor listed in the chapter 13 plan filed on behalf of the debtors, George L. Scott and Alexis J. Scott. Debtors had previously filed a bankruptcy petition on June 11, 1979, Bankruptcy No. 79–1069WK under the Bankruptcy Act.[2] GFC filed a Complaint to Determine Dischargeability of its Debt alleging that the loan in question was fraudulently obtained. This Court granted judgment in favor of GFC and ruled the debt to be non–dischargeable based upon debtors' failure to disclose over $30,000.00 in debts at the time of application for a loan from GFC.

Subsequently, Debtors filed their petition and plan under chapter 13 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 1301 et seq., again listing the debt of GFC. GFC then filed the instant Complaint Objecting to Confirmation of the Plan, specifically, the listing of plaintiff as an unsecured creditor without any priority rights. It is the plaintiff's contention that the debt may not be listed under this plan due to the "non–dischargeable" character of its claim. Shortly thereafter, an order confirming the plan was entered pending a determination of the complaint. In its complaint, GFC avers that the ruling, as to the non–dischargeability of the debt, is res judicata and that the debtors should not be permitted to list the debt in a subsequent bankruptcy proceeding.

The Bankruptcy Code defines which debts are (and are not) discharged in a Chapter 13 case. Section 1328(a), 11 U.S.C. § 1328(a) provides:

... the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title.

There are two (2) exceptions: Section 1322(b)(5) pertains solely to curing defaults where the last payment will occur after the date on which the final payment under the plan is due; and the other exception, section 523(a)(5), involves alimony, child support and the like. One must therefore conclude that every other debt is dischargeable.

Seemingly, Section 1328(a) is a potential device for abuse by dishonest debtors. The section permits a debtor to obtain a discharge, including non–dischargeable debts (except alimony, maintenance and support), although the debtor might pay only a nominal amount on these debts under the plan. The only restriction is the court's application of the good faith requirement. *Matter of Marlow*, 3 B.R. 305, 1 C.B.C.2d 705 (Bkrtcy.N.D.Ill.1980).

A recently decided case, under the Bankruptcy Reform Act of 1978 ("Code"), *In re Leon Bonder*, 3 B.R. 623, 6 B.C.D. 257 (Bkrtcy., E.D.N.Y.1980), held that a debt ruled non–dischargeable in a prior bankruptcy proceeding, under the Bankruptcy Act, was dischargeable in a subsequent case under Chapter 13 of the Bankruptcy Code. The court also held that even though the Chapter 13 petition was filed to extinguish a substantial portion of the indebtedness, it was not filed in bad faith. *Id.*, at 3 B.R. 625.

In *In re Keckler*, 3 B.R. 155, CCH Bkry. Reporter ¶ 67,367 (Bkrtcy., N.D.Ohio 1980), the court was asked to decide whether a particular debt would be held non–dischargeable were it in a chapter 7 case and whether its inclusion in a chapter 13 composition plan constituted bad faith in the filing of the plan. The court found that the debt incurred by forgery was dischargeable through a chapter 13 plan although it clearly would not be dischargeable in a chapter 7 case. In its opinion the court stated, "Congress surely was aware that Chapter 13

---

1. This Opinion constitutes Findings of Fact and Conclusions of Law in accordance with Bankruptcy Rule 752.

2. Bankruptcy Act of 1898, Pub.L. No. 61, 30 Stat. 544, as amended to October 1, 1973, and repealed on October 1, 1979, P.L. No. 95–598, 92 Stat. 2549 (1978).

would make certain persons eligible for discharge of certain debts that would be non-dischargeable debts under Chapter 7." The court concluded that the inclusion of such a debt in the plan would not constitute bad faith under Section 1325 and confirmed the plan as proposed.

As stated by the court in *In re McBride,* 4 B.R. 389 (Bkrtcy., M.D.Ala.1980):

It is not believed that Congress was unaware that debts not dischargeable in a chapter 7 case could be and would be included in Chapter 13 cases and ultimately discharged therein after the requirements of Section 1328(a) were met. A reading of the legislative history indicates that it was the manifest intent of the Congress to grant a greater scope of relief in Chapter 13 cases than that available to a Chapter 7 debtor. The requirements for confirmation under Section 1325 are definitively set out as to secured and unsecured creditors and it would appear that, had Congress intended to bar those debts which would be nondischargeable in Chapter 7 from Chapter 13 plans, such could have been easily accomplished by an additional subsection in Section 1325. *Id.,* at 391.

This court today embraces the reasoning of the cited cases, particularly that of *In re Leon Bonder, supra.* The liberal discharge provisions of Chapter 13 are clear and controlling here. It thus seems that Congress intended that debts formerly held non–dischargeable could be discharged under the Code. Under these circumstances, to deny confirmation because a debtor potentially is able to obtain advantage from the difference in discharge provisions would be a judicial circumvention of the will of Congress as clearly expressed in 11 U.S.C. § 1328(a). *In re Peoro,* CCH Bkry.Rep. ¶ 67,413 (N.D.Calif.1980). The court will, however, strictly construe the Code provisions concerning confirmation, placing particular emphasis on the concept of "good faith." *See* § 1325(a)(3). While Congress has in effect provided protection, in some circumstances to the dishonest debtor by the enactment of the discharge provisions,

it is the duty of the court to do justice and to insure a just result for the honest creditor in a Chapter 13 proceeding.

The contention of the creditor that debtors' filing in chapter 13 is precluded under the doctrine of res judicata is without basis. GFC bases its claim on a ruling by the Honorable Emil F. Goldhaber in *In re Payton,* No. 77–10, CCH Bkry Reporter ¶ 67,114 (E.D.Pa.1979). In that case, the bankrupt, subsequent to a ruling that a student loan was non–dischargeable, filed a second petition in an effort to avail herself of the repeal of § 439A of the Higher Education Act. (A provision disallowing the discharge of student loans). The court held that a prior determination of the non–dischargeability of a student loan was res judicata and held that the "bankrupt has lost the right to have the matter adjudicated in a subsequent bankruptcy proceeding." The instant matter is distinguishable in that the debtors have neither filed a similar bankruptcy petition nor sought to have the creditor's debt wholly discharged. Thus, the issue of res judicata is not before us.

■ Also, GFC objected to confirmation contending that the chapter 13 plan treats certain unsecured creditors in a preferred fashion. Clearly, the law provides that if the debtor's plan meets the confirmation standards set forth in Bankruptcy Code section 1325(a), the court must confirm the plan; the court has no discretion. Collier on Bankruptcy has stated that:

The bankruptcy court, after conducting the hearing mandated by section 1324, must confirm any chapter 13 plan meeting all of the criteria for confirmation proscribed by § 1325(a). The code and its legislative history are emphatic that confirmation is not discretionary with the court once these criteria have been satisfied. 5 *Collier on Bankruptcy,* Para. 1325.01 (15th ed. 1979).

GFC has failed to satisfy its burden of proof as to anyone of the six (6) separate items set forth in 11 U.S.C. § 1325(a) in order to deny confirmation of the plan.

Our instant findings pertain solely to the proceeding before us. This court is reluctant, at this juncture, to further review the plan without the totality of the facts before us. We will allow the creditor fifteen (15) days to request a hearing on the issue of good faith, should it desire such an opportunity. At the hearing, testimony will be taken on the reasonableness of the plan as it pertains to GFC. At the very least, good faith requires the debtor to make meaningful payments to holders of unsecured claims. It is possible that a plan proposing a very low payment to unsecured creditors could be found to lack good faith even without the motive to avoid a non–dischargeable debt. *Matter of Marlow, supra.*

Accordingly, for the reasons stated above, the relief requested by the complaint objecting to confirmation is denied.