**In re Brett Lee PIKE, Debtor.**

**Bankruptcy No. 37902787.**

United States Bankruptcy Court, W. D. Kentucky.

Oct. 5, 1981.

Jan C. Morris, Louisville, Ky., for debtor. debtor.

Thomas V. Haile, Louisville, Ky., for plaintiff.

G. William Brown, Louisville, Ky., trustee.

1. See Judge Ballantine's Order of September 11, 1973, appended to plaintiff's brief of April 13, 1981, in this case.

2. The underlying facts, and the case law as applied to the dischargeability of state court

## ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Efforts to escape liability for willful and malicious injury characterize this aging and troubled Chapter 13 controversy.

There follows the chronology which leads us to the entry of this final order:

In 1972, Brett Lee Pike was involved in an automobile accident, as a consequence of which he was sued by Albert Kaiser for $300,000.

In 1973, Pike signed an agreed judgment against him in the amount of $12,000 in punitive and compensatory damages resulting from his "gross, willful and wanton negligence" in the accident.[1]

In December, 1977, Pike filed a petition in bankruptcy, subsequent to which Kaiser filed a nondischargeability complaint based upon Section 17(a)(8) of the Bankruptcy Act, which excepts from discharge those liabilities resulting from "willful and malicious injuries".

In November, 1978, this Court entered its order holding the $12,000 judgment debt to be nondischargeable.[2]

In December, 1979, Pike filed a Chapter 13 petition. The proposed plan treated of only one creditor—Albert Kaiser.

In January, 1980, a confirmation hearing was held, at which appeared Kaiser's counsel, who objected to the discharge of Kaiser's claim. There was no objection to confirmation. The final order of confirmation was entered days thereafter, providing for a payment to Kaiser of only $750 of his $12,000 claim, over a three-year period.

\* \* \*

With chagrin at an inequitable result mandated by an unequivocal statute, we hold that Pike is entitled to a discharge upon full completion of his Chapter 13 plan.

judgment debts based on willful and malicious injury, are treated with more specificity in that Order, *Kaiser v. Pike*, BK–77–02135–L (W.D. Ky. Nov. 30, 1978).

It is the manifest intent of Congress that a discharge extends to a broader class of obligations under Chapter 13 than in a Chapter 7 liquidation proceeding.

Section 727 of the Bankruptcy Code enumerates ten specific types of debts and/or debt-related circumstances which, in the liquidation court, cannot be discharged.

By way of contrast, the Chapter 13 reorganization court will bar discharge only in two classes of debts: (1) alimony, maintenance or child support, and (2) payments to cure defaults in long-term obligations.[3]

■ That distinction alone negates Kaiser's argument that our 1978 determination of nondischargeability in the Chapter 7 case has a binding res judicata effect in this Chapter 13 proceeding. Since the standards of dischargeability are so radically different as between the two chapters, a new and different *issue* (of dischargeability) is presented in this case, making the res judicata doctrine a nullity. Other bankruptcy courts have embraced this view,[4] although we concur with certain of our brethren that the liberal discharge provisions of Chapter 13 present "a potential device for abuse by dishonest debtors".[5] We would expand upon that view only modestly to suggest that the Chapter 13 discharge provisions equip resourceful counsel for the debtor with a tool for the avoidance of debt which, if accomplished under any other circumstance, would be considered reprehensible.

Were this case to have been cast in a different procedural mold, a contrary result may have obtained. The objection here was to *dischargeability*, not to *confirmation*. The two are distinctly different components

of the Chapter 13 case. Had the objection been made to *confirmation*, the Court would have been able to examine the petition for the "good faith" content required by Sec. 1325(a).

This court has rejected the "nominal" or "token" payment plan as lacking the requisite good faith.[6] The plan here under consideration is a composition plan providing for the payment to a single creditor of only 6.25 per cent of his claim. Certainly such a plan, were it to come to confirmation hearing today, would undergo intense scrutiny on the good faith issue.

But out of fairness to all concerned, it should be pointed out that the case at hand was one of the first, if not the first, of the controversial Chapter 13 cases to come to confirmation under an entirely new law. It came months before our clear charge to the trustee for this district to conduct, in nominal payment plans, a "probing and penetrating inquiry"[7] into the good faith question. We were all of us—litigants, lawyers and judges alike—floundering in an unchartered sea.

Having expressed our distaste at being ineluctably led by a clear statute to a wrong result, we will deliver to counsel for the debtor a final jeremiad.

Insofar as future similar cases are concerned, the victory which counsel has won for this one debtor is, if a victory at all, a Pyrrhic one. This decision does not create compelling precedent. With the Chapter 13 trustee standing highly attuned to the good faith issue, by virtue of *In re Heard*[8] and other cases,[9] he will likely guard with care the door to the confirmation courtroom.

---

3. 11 U.S.C. § 1328(a)(1) and (2). Certain taxes, of course, are nondischargeable under both Chapter 7 and 13.

4. *In re Bonder*, 3 B.R. 623, 6 B.C.D. 257 (Bkrtcy.E.D.N.Y.1980). See also *G.F.C. Consumer Discount Co. v. Scott*, 7 B.R. 692 (Bkrtcy.E.D.Pa.1980); *In re Keckler*, 3 B.R. 155 (Bkrtcy.N.D.Ohio 1980). For a contrary view, see *In re Payton*, CCH Bk.Rep. ¶ 67,114 (E.D. Pa.1979).

5. Judge King in *G.F.C. Consumer Discount Co.*, supra note 4, at p. 693.

6. *In re Heard*, 6 B.R. 876 (Bkrtcy.W.D.Ky. 1980), cited with approval in *Liberty Loan Corp. v. Bartlett*, 12 B.R. 654 (D.C.S.D.Ga. 1981).

7. *In re Heard*, supra note 6 at p. 884.

8. Supra note 6.

9. *In re Coleman*, 2 B.R. 348, aff'd. 5 B.R. 812 (Bkrtcy.W.D.Ky.1980).

With obvious reluctance, it is ORDERED that the debt of Brett Lee Pike to Albert Kaiser shall be discharged upon completion of the Chapter 13 plan. Each party shall bear his own costs. This is a final order.