**In re Robert D. WEISSINGER and Susan A. Weissinger, Debtors.**

**Bankruptcy No. 80–01937K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 19, 1981.

Edward C. Lauper, Philadelphia, Pa., for debtors.

Alexander Hemphill, Philadelphia, Pa., for Household Finance Corp.

James J. O'Connell, Philadelphia, Pa., Standing Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

The debtors, Robert D. and Susan A. Weissinger, filed a Chapter 13 petition on August 8, 1980. An unsecured creditor, Household Finance Corporation, filed a motion to dismiss on October 15, 1980. The issues presented to this Court are:

(1) whether a proposed chapter 13 payment plan providing for zero payments to unsecured creditors lacks good faith;

(2) whether the debtors' interest in their residence lacks the exemption provided for in § 522(d) of the Code; and

(3) whether either of the above would support a motion to dismiss.

We conclude that the chapter 13 plan lacks good faith because it provides for zero payments to unsecured creditors and that such does support a motion to dismiss.[1]

The chapter 13 plan provides for payments to the sole secured creditor and no payments to all unsecured creditors. The secured creditor, Western Savings Bank, has agreed to accept the plan as proposed.

Western Savings Bank's secured interest is that of a mortgage on the residence of the Weissingers' known as 2306 Strahle Street, Philadelphia, Pennsylvania. One half of the residence is owned by Robert and Susan Weissinger as tenants by the entireties, the other half being owned by Ida Freed, Susan Weissinger's mother.

The Weissingers and Mrs. Freed are tenants in common.

It has been stipulated that the real estate is worth approximately $60,000. There exists a $20,000 balance due on the mortgage which encumbers the property. Although both Mrs. Freed and the Weissingers executed the mortgage, the Weissingers are solely liable on the note.

The plaintiff, Household Finance Corporation, is one of the three (3) unsecured creditors. On October 15, 1980, it filed a Motion to Dismiss alleging that:

1) Because the payment plan provides for zero payments to unsecured creditors, it lacks good faith; and

2) the debtors' interest in their residence exceeds the exemption provided for in 11 U.S.C. § 522(d).

Section 1325(a)(3), 11 U.S.C. § 1325(a)(3), requires that a chapter 13 payment plan be proposed in good faith. The Bankruptcy Code does not define the term "good faith", nor is there any legislative history which would be of assistance.

In regard to the instant case, the question is whether the good faith requirement of § 1325 has been met by a payment plan which calls for zero percent payments to unsecured creditors. The plaintiff claims a zero payment plan is not a plan which is proposed in good faith.

The debtor contends that Section 1325(a)(4) of the Code, which requires that the value of the property to be distributed to unsecured creditors be not less than would be the value of such under a chapter 7 liquidation, controls the question of the amount of payments which an unsecured creditor must receive under a chapter 13 payment plan. Because Household Finance Corporation is to receive not less than it would receive under a chapter 7 liquidation, the debtors contend that the sole Code requirement as to quantity of payments to unsecured creditors has been met.

---

1. This Opinion constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

A variety of conflicting case law exists which defines the good faith requirement of a chapter 13 payment plan. Some courts have held, as the debtors contend this Court should hold, that because § 1325(a)(4) speaks directly to the quantity of payments which must be provided for unsecured creditors, to impute a similar standard into the good faith requirement of § 1325(a)(3) would result in a requirement in excess of what Congress had intended. *In re Thebeau*, 3 B.R. 537 (Bkrtcy.E.D.Ark.1980), and *Matter of Bellgraph*, 4 B.R. 421 (Bkrtcy.W.D.N.Y.1980).

The creditor relies on *In re Terry*, 630 F.2d 634 (8th Cir. 1980), which held that a chapter 13 plan which provided for no payments at all lacked good faith. *Terry* is distinguishable, however, because the plan provided for no payments to any creditors, and was therefore, found to be an abuse of chapter 13. *Terry* at 635.

This Court has held that:

"At the very least, good faith requires the debtor to make meaningful payments to holders of unsecured claims. It is possible that a plan proposing a very low payment to unsecured creditors could be found to lack good faith even without the motive to avoid a non-dischargeable debt."

*In re Scott*, 7 B.R. 692 (Bkrtcy.E.D.Pa.1980).

*Scott* is controlling in the case at hand. The proposed payment plan must fail because it does not meet the good faith requirement of § 1325(a)(3).

Whether the failure of the plan is grounds for dismissal is controlled by § 1307(c) of the Code. Section 1307(c) provides in pertinent part that:

On request of a party in interest and after notice on a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause... [11 U.S.C. 1307(c)].

The Code then goes on to give seven (7) examples which are to be "included" in those circumstances which constitute cause for conversion or dismissal. These examples are not exclusive, but are expressly made inclusive by § 102(3) which defines the term "includes" as non-limiting.

Judge Goldhaber, in this District, has held that the submission of a plan which lacks good faith will be grounds for dismissing the chapter 13 case for cause under § 1307(c) of the Code. *In re Ratmansky*, 7 B.R. 829 (Bkrtcy.E.D.Penn.1980). We agree; this case will be dismissed if the debtors do not submit an amended plan.

The case is being disposed of upon the creditor's first contention, regarding the absence of good faith, therefore, this Court finds it unnecessary to determine whether the debtors' interest in their residence exceeds the exemption provided by § 522(d) of the Code.