### In the Matter of Willie J. MINOR, Debtor.

### Bankruptcy No. 1–81–02198.

United States Bankruptcy Court, S. D. Ohio, W. D.

Dec. 30, 1981.

Diane M. Busch, Cincinnati, Ohio, for debtor.

Lee B. Kasson, Cincinnati, Ohio, for creditor.

### DECISION AND ORDER ON OBJECTION OF THORP CREDIT, INC. TO CONFIRMATION

BURTON PERLMAN, Bankruptcy Judge.

The above captioned Chapter 13 case came on for hearing on confirmation of debtor's plan of arrangement, at which time Thorp Credit, Inc. which is the sole creditor scheduled in the petition filed, appeared and opposed confirmation. We did not confirm the plan at that time and the matter was taken under advisement. Counsel for both debtor and creditor submitted memoranda to the Court as to their respective positions.

---

Debtor had previously obtained relief under Chapter 7 of the Bankruptcy Code in this Court. In that proceeding, Thorp filed a complaint under 11 U.S.C. § 523(a)(2) to determine dischargeability of the debt owed by debtor. Though the cause was set for trial, no trial took place because the parties agreed to an entry. The Court signed the agreed entry, thereby granting judgment in the amount of $2151.97 against debtor which debt was found nondischargeable. Debtor was granted his discharge as to all other debts. Debtor thereafter filed the present case seeking relief under Chapter 13 of the Bankruptcy Code, thus precipitating the present question. Debtor's plan proposes to pay 100% of the judgment at a rate of $60.00 per month for a period of 50 months.

The basis for creditor's objection to confirmation is its contention that inclusion of a nondischargeable debt renders the Chapter 13 plan one proposed in bad faith, while 11 U.S.C. § 1325(a)(3) requires a finding of good faith for confirmation of a plan. We have concluded that *In Re Scott*, 7 B.R. 692, 3 C.B.C.2d 417 (Bkrtcy.Penn.1980), which holds to the contrary, is persuasive, and we follow its holding that inclusion of a nondischargeable debt in a Chapter 13 plan does not constitute a lack of good-faith so as to preclude confirmation.

This does not, however, conclude our consideration of the present objection to confirmation. Beneath it all, the dispute between creditor and debtor has to do, not with *whether* creditor is to be repaid, but the *rate* at which this is to occur. Indeed, debtor's motivation in filing the Chapter 13 case is to avoid the process of garnishment, and the enforced collection of the non-exempt portion of debtor's wages. We assume that debtor's proposed monthly payment in the Chapter 13 plan is considerably less than creditor would be able to realize if garnishment were permitted. It does not seem to us equitable that under these circumstances that debtor have complete latitude in setting his monthly payment. The information to be found in debtor's petition does not persuade us that he could not pay a greater monthly amount into the plan. At the very least it is his burden to show why the debt should not be paid out in three years, as mandated by § 1322(c), and it may be that equity should require an even faster rate of repayment given the circumstances of this case.

Accordingly, the clerk is directed to set this matter promptly for hearing on adequacy of monthly payment into the plan.

SO ORDERED.