**In re David GOTH, Janis Goth, a/k/a Janis McGuckin, Debtors.**

**Bankruptcy No. 81–04593K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Oct. 25, 1982.

Jerry Schuchman, Glenside, Pa., for debtors.

James J. O'Connell, Philadelphia, Pa., standing trustee.

Jane G. Penny, Harrisburg, Pa., for PHEAA.

OPINION

WILLIAM A. KING, JR., Bankruptcy Judge.

■ This case comes before the Court on the objection of the Pennsylvania Higher Education Assistance Agency (hereinafter referred to as PHEAA) to confirmation of the debtors' Chapter 13 plan. The basis for this objection is that the plan is not proposed in good faith as required by § 1325(a)(3) of the Bankruptcy Code. There is no factual dispute whatsoever in this matter. The sole issue *sub judice* is whether a Chapter 13 plan which provides for a repayment of only 8% of unsecured obligations is filed in good faith. After hearing held on August 17, 1982, and consideration of the memoranda of law filed by counsel, the Court finds that confirmation must be denied. An Order will be entered denying confirmation of the plan and allowing the debtors ten (10) days to file an amended plan in accordance with this Opinion.[1]

The Bankruptcy Code establishes certain minimum standards for confirmation of Chapter 13 repayment plans. 11 U.S.C. § 1325(a). One of these requirements is that the plan be "...proposed in good faith..." 11 U.S.C. § 1325(a)(3). PHEAA maintains that this plan, by proposing only an 8% dividend, fails to meet the standard imposed by the Code.

This Court has previously held that a plan which proposes no payment to unsecured creditors lacks good faith and cannot be confirmed. *In re Weissinger,* 14 B.R. 737 (Bkrtcy.E.D.Pa.1981). This Court has also held that:

1. This Opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 752 of the Rules of Bankruptcy Procedure.

"At the very least, good faith requires the debtor to make meaningful payments to holders of unsecured claims. It is possible that a plan proposing a very low payment to unsecured creditors could be found to lack good faith even without the motive to avoid a non-dischargeable debt."

*In re Scott,* 7 B.R. 692 (Bkrtcy.E.D.Pa.1980).

Our colleague, the Honorable Emil F. Goldhaber, expressed a similar viewpoint in a recent case, wherein it was stated:

> ...One should not have any difficulty in finding lack of "good faith" if the payment offered by the debtor under the plan is obviously a mere token and does not represent a meaningful economic benefit to creditors. For example, there is certainly no sincere effort to treat creditors fairly in cases where the payment proposed by the debtor amounts to nothing more than a disguised liquidation chapter 7 case filed only for the sole purpose of taking advantage of the more liberal and broadening discharge provisions available to debtors under chapter 13, § 1328(c), because the debtor is tainted and his general right to a discharge, or the dischargeability of a specific debt, would likely be subject to challenge either under § 523 or § 727 of the Bankruptcy Code.

*In re Mitruka,* 19 B.R. 516 (Bkrtcy.E.D.Pa. 1982) at p. 518, quoting *In re Aalto,* 8 B.R. 157 (Bkrtcy.M.D.Fla.1981) at p. 161.

In this case the debtors have a combined income in excess of $28,000 per annum. A payment of only 8% of unsecured claims, at the rate of $50 per month for 29 months, does not provide a meaningful payment to creditors when balanced against the debtors' income. Unless a debtor's Chapter 13 plan provides a meaningful repayment to the creditors, in view of the circumstances of the particular case, the plan cannot be confirmed. In the case at bench, confirmation must be denied.