### In re Edward & Marilyn MILLER, Debtors.

**Bankruptcy No. 81–03664G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 23, 1982.

Bruce J. Wisotsky, Leonard M. Sagot Associates, Philadelphia, Pa., for debtors, Edward and Marilyn Miller.

James J. O'Connell, Philadelphia, Pa., trustee.

Jane G. Penny, Killian & Gephart, Harrisburg, Pa., for Pennsylvania Higher Educ. Assistance Agency.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether a chapter 13 plan which proposes to pay approximately nine (9%) percent of the debtors' unsecured claims, sixty-nine (69%) percent of which consist of outstanding student loans, is made in good faith as required by section 1325(a)(3) of the Bankruptcy Code ("the Code"). We conclude that the proposed plan does not because, under the facts of this case, it does not provide for meaningful payments to the holders of unsecured claims. We must, therefore, deny confirmation of the plan.

The facts of the instant case are as follows:[1] On September 11, 1981, Edward Miller, a counselor, and Marilyn Miller, a school teacher, ("the debtors") filed a petition under chapter 13 of the Code. On August 6, 1982, the Pennsylvania Higher Education Assistance Agency ("PHEAA") filed a timely objection to the confirmation of the debtors' plan. Of the $32,020.50 in unsecured debts owed by the debtors, $22,360.43 consist of student loan debts due PHEAA. The debtors' proposed plan provides for payments to be made to secured creditors outside the plan and for payments to be made to the chapter 13 trustee for distribution to unsecured creditors (including PHEAA) at the rate of $80.00 a month over a thirty-six (36) month period. Under this proposal, the unsecured creditors would receive approximately nine (9) percent of their claims. Because the debtors have a combined annual income of $47,612.29, PHEAA filed objections alleging that the debtors proposed the plan in question in bad faith in contravention of section 1325(a)(3) of the Code because:[2] (1) the debtors are utilizing chapter 13 primarily to avoid repayment of the debts created by the student loans which would be nondischargeable under chapter 7; and (2) the debtors' plan would not meaningfully compensate the unsecured creditors.

The debtors contend that the fact that their student loans would be nondischargeable under chapter 7 of the Code[3] is immaterial and should not be a factor in this chapter 13 confirmation proceeding. We disagree. The nondischargeability of a debt under chapter 7 is a factor to be considered in a chapter 13 confirmation proceeding inasmuch as it relates to the question of good faith and whether the debtors have proposed meaningful payments to the holders of unsecured claims. Good faith under section 1325(a) requires the debtor to make meaningful payments to holders of unsecured claims. *In re Scott*, 7 B.R. 692, 695 (Bkrtcy.E.D.Pa.1980). Consequently, our primary focus herein is on the fair treatment of the unsecured creditors.

Initially, we make it clear that confirmation cannot be denied *solely* because a debtor may potentially be able to obtain advantages from the difference in the discharge provisions between chapter 7 and chapter 13. As stated by the court in *In re McBride*, 4 B.R. 389 (Bkrtcy.M.D.Ala.1980):

It is not believed that Congress was unaware that debts not dischargeable in a chapter 7 case could be and would be included in Chapter 13 cases and ultimately discharged therein after the requirements of Section 1328(a) were met. A reading of the legislative history indicates that it was the manifest intent of the Congress to grant a greater scope of relief in Chapter 13 cases than that available to a Chapter 7 debtor. The require-

1. This opinion constitutes findings of fact and conclusions of law as required by Rule 752 of the Bankruptcy Rules of Procedure.

2. 11 U.S.C. § 1325(a)(3) provides: "the court shall confirm a plan if . . . (3) the plan has been

proposed in good faith and not by any means forbidden by law."

3. *See* 11 U.S.C. § 1328(a) & § 523(a)(8).

ments for confirmation under Section 1325 are definitively set out as to secured and unsecured creditors and it would appear that, had Congress intended to bar those debts which would be nondischargeable in Chapter 7 from Chapter 13 plans, such could have been easily accomplished by an additional subsection in Section 1325. *Id.*, at 391.

However, we have previously held, quoting the court in *In re Aalto*, 8 B.R. 157, 161 (Bkrtcy.M.D.Fla.1981), that:

> ... One should not have any difficulty in finding lack of "good faith" if the payment offered by the debtor under the plan is obviously a mere token and does not represent a meaningful economic benefit to creditors. For example, there is certainly no sincere effort to treat creditors fairly in cases where the payment proposed by the debtor amounts to nothing more than a disguised liquidation chapter 7 case filed only for the sole purpose of taking advantage of the more liberal and broadening discharge provisions available to debtors under chapter 13 . . . .

*In re Mitruka*, 19 B.R. 516, 518 (Bkrtcy.E.D. Pa.1982).

 In the case *sub judice,* the debtors have a combined annual income in excess of $47,000.00.[4] In light of that income and in light of the fact that sixty-nine (69%) percent of the unsecured claims consist of student loans which would be nondischargeable under chapter 7, we conclude that the debtors' proposed plan providing for repayment of only nine (9%) percent of the unsecured claims at the rate of $80.00 per month over a thirty-six (36) month period does not meaningfully compensate the unsecured creditors. The dispositive factor herein is not that the debtors' plan escapes the nondischargeability provisions of chapter 7, but rather that it does so "by throwing mean-

ingless morsels to the creditors." *Mitruka, supra,* at 519 *quoting Aalto, supra,* at 161. As previously mentioned, the avoidance of chapter 7 nondischargeability in and of itself is not a sufficient ground for denying confirmation; but when such avoidance translates into meaningless payments to unsecured creditors, the denial of confirmation is mandated. Consequently, we conclude that the debtors' chapter 13 plan was not filed in good faith within the meaning of section 1325(a)(3) of the Code.

---

4. *See In re Goth,* 23 B.R. 705 (Bkrtcy. E.D.Pa. Oct. 25, 1982) (confirmation denied where debtors' combined income was in excess of $28,000.00 per annum and where the plan called for the payment of only 8% of unsecured claims at the rate of $50.00 per month over 29 months); *In re Adger,* 23 B.R.

741 (Bkrtcy.E.D.Pa.1982) (confirmation denied where debtors' combined income was approximately $30,000.00 per annum and where the plan called for the payment of only 10% of unsecured claims at the rate of $65.00 per month over 36 months).