**In the Matter Of Joel HOCHDORF, Debtor.**

**Bankruptcy No. 81 B 11733.**

United States Bankruptcy Court, S.D. New York.

Dec. 3, 1982.

Katz, Robinson, Brog & Seymour, P.C., New York City, for Seymour Zelanko; Jeffrey L. Zivyak, New York City, of counsel.

Philip I. Beane, New York City, for debtor.

Albert Togut, New York City, trustee.

JOEL LEWITTES, Bankruptcy Judge.

The instant contested matter,[1] for resolution by this Court, is an objection to a Chapter 13 debtor's confirmation.[2] Although the objectant-creditor alleges several objections to such confirmation, we find for the objectant on the ground that a debt held to be nondischargeable under the former Bankruptcy Act of 1898 may not now be declared dischargeable by reason of the same debtor's subsequent filing of a Chapter 13 under the Bankruptcy Reform Act of 1978.

The facts are neither complex nor disputed.

Sometime in 1977 the debtor filed a voluntary bankruptcy petition in the U.S. District Court for the Northern District of Ohio and as such was adjudicated a bankrupt.[3] Thereupon the objectant creditor, Seymour Zelanko, (hereafter referred to as "Zelanko"), commenced an adversary proceeding to declare a certain debt owed to him by the bankrupt (now debtor), non-dischargeable.[4]

Thereafter, by order dated February 21, 1979, a judgment was entered in the Ohio Bankruptcy Court finding the bankrupt indebted to Zelanko in a non-dischargeable sum of $26,201.05. That judgment provided, *inter alia,* upon consent of the parties, that the judgment would be satisfied if $6,000 were payed to Zelanko in stated installments. The bankrupt never made any of the installment payments and thus owes Zelanko the sum of $26,201.05.

On or about September 1, 1981 the bankrupt filed, now as a debtor,[5] a Chapter 13 petition in this Court. Although the debtor's original schedules accompanying the Chapter 13 petition did not list Zelanko's debt, the debtor subsequently amended such schedules to reflect Zelanko as a creditor. The debtor's Chapter 13 plan proposes an arrangement with his creditors, including Zelanko, to pay 9½% of their claims. Although 11 U.S.C. § 1328 is a most comprehensive discharge provision, Zelanko maintains that the debtor may not utilize it since a final judgment under the former Bankruptcy Act declared the debtor's obligation to Zelanko non-dischargeable.

A hearing on Zelanko's objection to confirmation was entertained by this Court on March 11, 1982 where this Court, in an oral decision rendered from the bench, upheld the objection to confirmation. An order memorializing that determination was signed by this Court on March 17, 1982 and the debtor, on March 23, 1982 filed a notice of appeal from that order. That appeal was assigned to Honorable John M. Cannella, United States District Judge for the Southern District of New York.

It appears that the transcription notes of the hearing, including this Court's oral decision therein, have been mislaid. Accordingly, I have been requested, as best I can, to recollect and set down the basis for my decision in favor of the objectant.

## Discussion

The nub of the problem here is one not discerned in the decisions[6] relied upon the debtor. We perceive that the disability in debtor's contention here is the savings

1. Rules of Bankruptcy Procedure R. 914, 411 U.S. 1098.

2. 11 U.S.C. § 1324.

3. Former Bankruptcy Act § 1(4), 11 U.S.C. § 1(4) (repealed).

4. Rules of Bankruptcy Procedure R. 701(7), 411 U.S. 1068.

5. See 11 U.S.C. § 101(12) (1978). Under the 1978 Bankruptcy Code the pejorative term "bankrupt" is eliminated and is replaced by the term "debtor".

6. *In re Bonder,* 3 B.R. 623 (Bkrtcy.E.D.N.Y. 1980) and *G.F.C. Consumer Discount Company v. Scott (In re Scott),* 7 B.R. 692 (Bkrtcy.E.D. Pa.1980). It is arguable, however, that the *Bonder* decision rests comfortably upon a statutory exception, 11 U.S.C. § 523(b), not relevant here. The underlying non-dischargeable debt here, unlike in *Bonder,* is not one available as an exception to the finality of non-dischargeability judgments as set forth in the present Bankruptcy Code § 523(b). For the rationale behind the § 523(b) exceptions *see* 3 Collier on Bankruptcy ¶ 523.20 at 523–136–7 (15th ed. 1979).

clause enacted as Section 403(a) of Title IV of the Bankruptcy Reform Act. That provision reads as follows:

"A case commenced under the Bankruptcy Act [of 1898], and all matters and proceedings in or relating to any such case, shall be conducted and determined under such [1898] Act is if this [Bankruptcy Reform] Act had not been enacted, and the substantive rights of the parties in connection with any such bankruptcy case, matter or proceeding shall continue to be governed by the law applicable to such case, matter or proceeding as if the [Bankruptcy Reform] Act had not been enacted."

We have, on a previous occasion,[7] analysed that provision and concluded that it requires that

". . . if a case has been (1) commenced under the 1898 Act, and (2) conducted and determined under that law, then the substantive rights of parties in connection with that case, 'shall continue' to be governed by the law of the 1898 Act."[8]

Clearly the judgment of non-dischargeability obtained under the former Act, in the Ohio Bankruptcy Court, is an unconditional and matured right incident to, and arising from, the old Act case. Accordingly, its non-dischargeability is forever governed by the provisions of the former Bankruptcy Act.

Our view, in this regard, is not otherwise moved by the decision of the bankruptcy court in *In re Scott.*[9] That decision, as noted earlier, does not mention the savings clause. Rather it relies on the *Bonder* decision, which clearly is distinguishable from the matter at bar.[10] Moreover, *Scott* relies on a series of cases[11] indicating that a debt,

admittedly non-dischargeable under a Chapter 7 case under the new Code, could be properly included in a Chapter 13 plan under such Code and thus rendered dischargeable.

We have no quarrel with the latter proposition. To be sure, a Chapter 7 case under the Bankruptcy Reform Act, with its ranging catalogue of non-dischargeable debts,[12] may be converted by a Chapter 7 debtor "at any time"[13] to a Chapter 13 with its confining list of non-dischargeable debts.[14] But such conversion is countenanced and rendered permissible by a *specific statutory grant* in the *Reform Act* as is the revival of specifically defined debts previously declared non-dischargeable as in the *Bonder* case.[15]

In the matter before me, however, there is no statutory basis for the debtor's attempt to have his finally determined non-dischargeable debt under the former Act be declared dischargeable by resort to a successive petition under the new code. Rather, the savings clause of Title IV, § 403(a) of the Bankruptcy Reform Act of 1978 declares quite the opposite proposition. Whether the actions of the debtor here "would serve the interests of the estate", or some "practical result", is immaterial if it is "inconsistent with unambiguous language used by Congress."[16]

### Conclusion

The objection to the confirmation of the debtor's Chapter 13 plan is, in all respects granted.

**7.** *Matter of Lincoln Plaza Towers Associates,* 6 B.R. 808 (Bkrtcy.S.D.N.Y.1980).

**8.** *Id.* at 815. (footnote omitted).

**9.** See note 6, *supra.*

**10.** See note 6, *supra.*

**11.** *In re Keckler,* 3 B.R. 155 (Bkrtcy.N.D.Ohio 1980); *In re McBride,* 4 B.R. 389 (Bkrtcy.M.D. Ala.1980).

**12.** 11 U.S.C. § 523(a).

**13.** 11 U.S.C. § 706(a).

**14.** 11 U.S.C. § 1328(a).

**15.** Note 6, *supra,* See 11 U.S.C. § 523(b).

**16.** *Central Trust Co. v. Official Creditors' Committee,* 454 U.S. 354, 359–360, 102 S.Ct. 695, 698, 70 L.Ed.2d 542 (1982).