In re David J. **GATHRIGHT**, Debtor.

**PENNSYLVANIA HIGHER EDU-
CATION ASSISTANCE
AGENCY, Appellant,**

v.

David J. **GATHRIGHT**, **Appellee.**

No. 86–7544.

United States District Court,
E.D. Pennsylvania.

Feb. 27, 1987.

K. Kevin Murphy, Harrisburg, Pa., for Pa. Higher Education Asst. Agency.

Mitchell Miller, Philadelphia, Pa., for appellee.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

On December 2, 1986, an attorney for the Pennsylvania Higher Education Assistance Agency ("PHEAA") filed and served a notice of appeal from an order entered by a bankruptcy judge on November 24, 1986, 67 B.R. 384. That order, which was accompanied by a lengthy opinion, included the following provisions: (1) PHEAA's objections to confirmation of the debtor's Chapter 13 plan were denied, to the extent that PHEAA asserted the plan was not filed in "good faith", within the meaning of 11 U.S.C. § 1325(a)(3); (2) scheduled a hearing on PHEAA's objections based upon alleged non-compliance with 11 U.S.C. § 1325(b)(1)(B); (3) urged counsel for the parties to confer, and to advise the court not later than December 4, 1986, as to whether the scheduled hearing would be necessary; and (4) provided, in effect, that if PHEAA chose not to pursue further the issues scheduled for hearing, the plan would be confirmed unless the trustee objected on or before December 4, 1986.

The scheduled hearing did take place, on December 10, 1986. PHEAA did not appear at or participate in that hearing. The debtor's wage-earner plan was confirmed on December 13, 1986.

From the foregoing recital, it is obvious that the order appealed from was interlocutory. Unless this court should grant leave to appeal, the present proceedings must be dismissed.

In these circumstances, it is appropriate to treat the December 3 notice of appeal as if it had been an application for leave to appeal. But I have concluded that such leave should not be granted in the circumstances of this case.

Appellant's fundamental contention is that the debtor's Chapter 13 petition and plan do not satisfy the "in good faith" requirement of 11 U.S.C. § 1325(a)(3). Appellant notes that appellant earned $19,000 last year, and his spouse earned an additional $8,000; that the plan contemplates payments to creditors aggregating only $100 per month for the next three years; that appellant's claim, in the amount of approximately $8200, represents 92% of the total amount of the obligations dealt with in the plan (the remaining $660 being owned on open account to Sears, Roebuck); and that appellant's claim (the amount due on a defaulted student loan) would be non-dischargeable in a Chapter 7 liquidation bankruptcy; and that the plan does not require the contribution of all of debtor's income over and above the cost of support-

ing himself and his family, particularly if the latter expenses were to be realistically determined. In the opinion accompanying the order now appealed from, the bankruptcy judge specifically rejected appellant's contention that "good faith" should be evaluated in the light of all of the circumstances of a particular case, and that the fact that the debtor was utilizing the Chapter 13 proceeding in a transparent effort to evade the non-dischargeability feature of Chapter 7 should weigh heavily in that assessment.[1]

■ In arguing that this court should now entertain its appeal from the order rejecting its "good faith" argument, appellant points out that, given the language of the bankruptcy judge's opinion, his rejection of the "good faith" argument was unlikely to change. That may well be so. Initially, however, it should be noted that appellate courts do not entertain appeals from opinions, but only from orders or judgments or decrees.

■ More importantly, however, even if this court were now to agree with appellant, and rule that the bankruptcy judge misinterpreted Third Circuit precedent, improperly disregarded persuasive precedent from other circuits, and therefore erred in rejecting the "totality of the circumstances" analysis, and in disregarding or minimizing the Congressional-policy arguments stemming from the non-dischargeability feature, the unfortunate fact remains that this appellant has now waived most of the "totality of the circumstances" issues. Having been expressly invited to pursue those issues at the December 10 hearing, and having both (1) failed to participate in that hearing and (2) failed to appeal from the resulting confirmation order, appellant has managed so to position itself that the only issue remaining open is whether a Chapter 13 petition and plan fails the "good faith" requirement solely because it deals principally with debts which would be non-dischargeable in a Chapter 7 liquidation. But appellant conceded in the Bankruptcy Court, and concedes here, that that factor,

standing alone, is not necessarily fatal to a Chapter 13 petition and plan.

In these circumstances—for which, it must be noted, appellant alone bears responsibility—no useful purpose would be served by granting leave to appeal from the interlocutory order of November 24, 1986.

---

**1.** See, e.g., *In re Miller,* 24 B.R. 786 (E.D.Pa. 1982, Goldhaber, B.J.)—a case not referred to in the Opinion accompanying the order appealed from.